375 So.2d 372 (1979)
STATE of Louisiana ex rel.
v.
Joseph MEYER.
No. 64858.
Supreme Court of Louisiana.
June 21, 1979.
*373 Writ denied. The attorney's conduct was contumacious behavior toward the judge tending to impair the dignity of the court and respect for his authority. All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to apply for review, but absent a stay, to comply promptly with the order pending review. Persons who make private determinations of the law and refuse to obey an order risk criminal contempt even if the order is ultimately ruled incorrect. See Maness v. Meyers, 419 U.S. 449, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975); 12 A.L.R.2d 1059.
The trial judge has it within his discretion to permit relator to purge himself of contempt by either complying with the court's order or seeking review of that order.
DIXON, J., concurs in the denial, because the record discloses that the attorney's conduct was contumacious behavior, showing disrespect for the court's dignity and authority. The lawyer was offered time in which to obtain review of the judge's order, but obstinately refused to take any further steps, leaving the court no recourse.
It is not correct to say, however, that "all orders of courts must be complied with," or that a citizen of the United States may not make "private determinations of the law." Contempt is defined by law, and the power of a judge in Louisiana to sentence for contempt is limited by law. La.Const.1974, Art. 5, § 2.
Nor should the lawyer, at this late date, be given another opportunity to "purge" himself. He is not guilty of contempt for failure to comply with the probably erroneous order of the trial judge, nor for his failure to seek appropriate relief, but for his insulting refusal in open court to take any steps whatever in response to the order.