499 So.2d 312 (1986)
Kaylynn Kern CONNER
v.
James Sydney CONNER, Jr.
James Sydney CONNER, Jr.
v.
Kaylynn Kern CONNER.
Nos. 85 CA 1047, 85 CA 1048.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*313 Gerald J. Martinez, Metairie, for James Conner.
Floyd J. Reed, New Orleans, for Kaylynn Conner.
Before LOTTINGER, SHORTESS and CARTER, JJ.
CARTER, Judge.
Kaylynn Kern Conner, appellant, brought this action against James Sydney Conner, Jr., appellee, seeking to make executory arrearages in alimony pendente lite alleged to have accrued while the divorce judgment was on appeal. From a judgment dismissing her claim for alimony pendente lite, Mrs. Conner appeals.

FACTS
Mrs. Conner filed suit for separation from bed and board on September 26, 1979. in St. Tammany Parish. On December 18, 1979, the trial court awarded plaintiff $90.00 per week alimony pendente lite, commencing September 26, 1979, subject to a credit for any payments that defendant might have made to plaintiff subsequent to that date.
Mr. Conner subsequently filed a petition for divorce on April 6, 1981, in St. Tammany Parish. The separation and divorce suits were consolidated for trial, and a judgment of divorce was rendered on November 3, 1982, based upon the parties having lived separate and apart for one year.[1] The parties were found to be mutually at fault, thus precluding Mrs. Conner from receiving permanent alimony.
Mrs. Conner filed a devolutive appeal seeking to have the finding of fault on her part reversed. On February 28, 1984, this court affirmed the lower court. Conner v. Conner, 449 So.2d 10 (La.App. 1st Cir. 1984). Mrs. Conner's application for writs to the Louisiana Supreme Court was denied on June 8, 1984. Conner v. Conner, 452 So.2d 171 (La.1984).
Subsequent to these determinations, Mrs. Conner filed a rule to make past due alimony executory for the period from the date of the divorce judgment to the date that the Supreme Court denied her application for writs. The parties stipulated that if alimony was due for this period, the amount due totalled $17.125.04,[2] together with attorney's fees and costs.
The trial judge determined that appellant was not entitled to arrearages for alimony pendente lite pending appeal, citing Whipple v. Whipple, 451 So.2d 1306 (La.App. 1st Cir.1984). Thereafter, the trial judge dismissed appellant's rule.
From this judgment, appellant appeals, raising the following issue: whether the previously ordered alimony pendente lite is due from the date of rendition of the divorce judgment until the judgment of divorce becomes final following appeal.
Thus, the sole issue before this court is whether alimony pendente lite continues after a judgment of divorce is rendered when an appeal on the determination of fault is taken.
In contending the trial court erred, Mrs. Conner relies on Taddonio v. Taddonio, 431 So.2d 412 (La.1983) and Viser v. Viser, 243 La. 706, 146 So.2d 409 (1962). Mr. Conner relies on Derbes v. Derbes, 462 So.2d 302 (La.App. 3rd Cir.1985) and Whipple v. Whipple, supra.
The issue presented by this case has been settled by the Louisiana Supreme Court in Cassidy v. Cassidy, 477 So.2d 84, 85 (La.1985), wherein the Supreme Court overruled Derbes and Whipple, holding that "[a]limony pendente lite should continue during the pendency of an appeal until the divorce judgment becomes definitive."
*314 The judgment of the trial court must be reversed.

ATTORNEY'S FEES
Mrs. Conner requests $3,500.00 attorney's fees for the prosecution of this action, citing LSA-R.S. 9:305.
This statute has been applied when no reasonable explanation exists for failure to pay an alimony award, and the court has discretion in denying attorney's fees if good cause for nonpayment is shown.
In the case sub judice, when Mrs. Conner filed her rule to make past due alimony payments executory, the law under Whipple provided that alimony pendente lite was not due pending appeal. Clearly, the appellee's refusal was not arbitrary and capricious, but was in accordance with the prevailing jurisprudence and, as such, constituted good cause. Thus, we deny the claim for attorney's fees.

CONCLUSION
For the above reasons, the judgment of the trial court denying appellant's claim for alimony pendente lite is reversed. Judgment is rendered in favor of Mrs. Conner against Mr. Conner in the sum of $17,125.04, with legal interest on each past due installment from due date until paid. Appellee is cast for all costs of this appeal.
REVERSED AND RENDERED.
NOTES
[1] The judgment of divorce was signed on November 29, 1982.
[2] This sum represents the arrearages accrued from Monday, November 1, 1982, through Monday, June 1, 1984.