CARTER, Judge.
Defendant filed this motion to dismiss contending that plaintiff-appellant’s appeal presents no justiciable controversy. In addition, defendant filed an answer to the appeal, requesting damages for a frivolous appeal.
Plaintiff, George William Jarman, filed a petition for divorce based on the parties having lived separate and apart for one year. Defendant, Kathleen Dowdy Jarman, filed an answer and reconventional demand requesting that a divorce be granted in her favor on grounds of her husband’s adultery. After a trial on the merits, the trial court rendered judgment granting each party the relief prayed for. Thereafter, Mr. Jarman filed a motion and order for appeal, requesting a “limited devolutive appeal from that portion of the said Judgment granting the reconventional demand on behalf of [Mrs. Jarman],” namely the finding that he had committed adultery.
Mrs. Jarman filed this motion to dismiss, arguing there is no justiciable controversy for this court to review. She contends that the issue of her husband’s adultery is moot because, regardless of the court’s ruling on the issue of adultery, the parties will still be divorced. She reasons that the judgment granting the parties a divorce is final because her husband has not appealed that portion of the judgment granting him a divorce on the basis of the parties having lived separate and apart. However, Mr. Jarman argues that the trial court’s finding of fault on his part does constitute a justiciable controversy which *486 may be reviewed. Specifically, he reasons that a finding of fault on his part forever precludes his receiving alimony from his former wife. In addition, the finding of fault will act as a self-operative revocation of any donations made between the spouses during the marriage. See LSA-C.C. art. 156.
Although Mr. Jarman does not contend that he will ask for alimony or that there have been any donations between the parties during the marriage, these are examples of legal ramifications which result from the trial court’s ruling on the adultery issue. For this reason, there is an actual justiciable controversy.
Next, Mrs. Jarman argues that Mr. Jarman took a devolutive appeal and that LSA-C.C.P. art. 3942 does not allow a de-volutive appeal under these circumstances. LSA-C.C.P. art. 3942 provides as follows:
A. An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).
B. Such an appeal shall suspend the execution of the judgment insofar as the judgment relates to the annulment, separation, divorce, or any partition of community property or settlement of claims arising from the matrimonial regime. Based on the facts as recited above, it is
clear Mr. Jarman does not wish to appeal from the execution of the judgment insofar as it relates to granting the divorce. He merely wishes appellate review of the trial court’s finding of adultery on his part. LSA-C.C.P. art. 3942 B does not prohibit Mr. Jarman from appealing devolutively from that portion of the judgment which finds him guilty of adultery. See Conner v. Conner, 499 So.2d 312 (La.App. 1st Cir. 1986), writ not considered, 503 So.2d 8 (La.1987).
Finally, Mrs. Jarman filed an answer to her husband’s appeal requesting damages for a frivolous appeal. The issue of damages for a frivolous appeal, however, address the merits of appellant’s appeal and should be referred to the merits of the case. In order to determine if one is entitled to damages for a frivolous appeal, the court must look at whether the appeal was taken solely for delay, whether the appeal raises serious legal questions, and whether counsel for appellant is sincere in advocating his position. Roland v. Roland, 519 So.2d 1177 (La.App. 1st Cir.1987). The above questions are best answered after the merits of the appeal have been reviewed.
CONCLUSION
For the above reasons, the motion to dismiss is denied.
MOTION DENIED.