533 So.2d 1370 (1988)
Howard N. NUGENT, Jr., Plaintiff-Appellee,
v.
Jerry Charlene H. NUGENT, Defendant-Appellant.
No. 87-933.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*1371 William Ford, Alexandria, for plaintiffappellee.
Love, Rigby, Dehan, Love & McDaniel, Kenneth Rigby, Shreveport, for defendantappellant.
Before FORET, DOUCET and YELVERTON, JJ.
YELVERTON, Judge.
This domestic dispute presents appeals by both parties relating to fault, alimony pendente lite, and child custody. The trial court granted a separation based on mutual fault, awarded the wife alimony pendente lite in the amount of $4,000 a month, and gave the parents joint custody of the minor children with the wife having primary residential custody. An attempt by the husband to have alimony reduced by reason of changed circumstances failed. All of these rulings are attacked on appeal. We affirm.
The disputes were docketed as three lawsuits in the district court, and we have consolidated them on appeal. Our reasons for judgment as to all these are set forth hereinafter. Separate judgments are today being handed down in Nugent v. Nugent, 533 So.2d 1374 (La.App. 3rd Cir.1988), and in Nugent v. Nugent, 533 So.2d 1375 (La. App. 3rd Cir.1988).
The parties, Howard N. Nugent, Jr. and Jerry Charlene Holbrook Nugent, were married in 1961. Four children were born of the marriage: Dianna Charlene, Elizabeth Bland, and Debra Leigh, majors, and Catherine Chase, a minor. The marriage entered a period of deterioration in 1985 culminating on the night of December 26 in a serious altercation in the bedroom. The wife pointed a loaded .357 caliber handgun at the husband and there followed a struggle during which the wife bit the husband's left forearm. In January 1986 the husband filed a suit for separation from bed and board on grounds of cruel treatment, and for sole custody of the then two minor *1372 children, as well as use and occupancy of the family residence. The wife filed a reconventional demand suing for separation from bed and board on grounds of habitual intemperance, and physical and mental cruelty.
After an extensive trial the district court found both parties guilty of fault and rendered a judgment of separation on the ground of mutual fault. Joint custody was ordered with the wife being the primary residential custodian. The judgment, after a limited new trial, allowed the wife $4,000 a month alimony pendente lite, as well as child support which is not at issue on this appeal. The wife was granted use of the family home. From this judgment the wife was granted a suspensive appeal on June 18, 1987. The husband answered the appeal. The most extensively argued issue in the appeal of this judgment is fault, both parties claiming s/he was free of fault.
The second suit filed was again by the husband, this time seeking a divorce. This suit was filed June 19, 1987, one day after the appeal was taken by the wife from the separation judgment. The district court granted the husband a judgment of divorce signed August 10, 1987. The judgment contained the following paragraph:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the alimony provisions as set forth in Civil Suit Number 139,383 entitled `Howard N. Nugent, Jr. versus Jerry Charlene H. Nugent' [The separation suit] on the docket of the Ninth Judicial District Court, Division `A", shall remain in effect until the remarriage of JERRY CHARLENE H. Nugent, or until a final determination has been made on the issue of fault in the separation suit."
No appeal was taken by either party from that paragraph or any other provision of the judgment of divorce.
An appeal was taken from the judgment rendered in the third suit. Filed March 9, 1988, this was an action by the husband to modify the earlier judgment awarding alimony pendente lite. The trial court denied this demand. On appeal the husband attacks both the earlier judgment awarding alimony rendered in the separation decree, and also the denial of his petition to modify the judgment.
We will discuss these various issues under the general headings FAULT, ALIMONY PENDENTE LITE, and CUSTODY.

FAULT
La.C.C. art. 138(6) states that an attempt by one of the married persons against the life of the other is a ground for separation from bed and board. Paragraph (3) of that article lists cruel treatment as an additional ground on which a court may grant a separation from bed and board.
The trial judge found in the present case that the wife's fault consisted of her threatening the husband with a pistol, that both parties were at fault in their constant verbal abuse of each other, and that the husband was habitually intemperate in his use of alcohol.
The wife, in her appeal, argues that her acts in the bedroom were justified, reasonable responses by her to her husband's initial fault.
Only the husband and wife were present in the bedroom when the gun appeared. Their testimony as to the details of the incident are in conflict. He testified that she was the aggressor and he was a victim of her attack. She testified that he attacked her, throwing her into a door facing. His testimony was that after she pushed him he turned around and she was pointing a loaded .357 caliber pistol at him. She testified that she doesn't know how the pistol made its appearance, she only remembers struggling with him over control of the gun.
The trial judge, after listening to the conflicting testimony, found mutual fault. In actions for divorce or separation, the trial court's findings of fact on the issue of fault must be given substantial weight and will not be overturned unless manifestly erroneous. Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982). The trial judge must be granted much discretion in his evaluation of the credibility of witnesses *1373 and the weight of evidence. Pearce v. Pearce, 348 So.2d 75 (La.1977).
To find mutual fault, the trial court must find that the fault of each party would constitute an independent ground on which a judgment of separation could be granted. Collins v. Collins, 458 So.2d 1008 (La.App. 3rd Cir.1984). The actions by the husband here, excessive drinking and verbal abuse of his wife, would be independent grounds on which to grant a judgment of separation. The trial court found that the actions of the wife, pointing a loaded gun at the husband, and verbal abuse of her husband, would be independent grounds on which to grant a judgment of separation. These findings by the trial court support a judgment of separation from bed and board based on mutual fault. We do not find the conclusions reached by the trial judge are manifestly erroneous.

ALIMONY PENDENTE LITE
The husband asserts that the lower court erred in the award of alimony pendente lite. The imposition of alimony pendente lite by the court is an enforcement of the duty owed by each spouse to support the other during the existence of the marriage. La.C.C. art. 119.
In the initial award of alimony pendente lite, La.C.C. art. 148 allows a judge to award a sum for the claimant spouse's support, when the spouse does not have a sufficient income for maintenance pending the litigation. In the instant case, the claimant spouse had no income at the initial award of alimony pendente lite.
The amount awarded by a court for alimony pendente lite is based upon the standard of support which existed during the marriage. Gravois v. Gravois, 495 So.2d 315, 317 (La.App. 4th Cir.1986). The record indicates that the litigants enjoyed a high standard of living, due to appellant's law practice, during the marriage.
The fixing of the amount of alimony pendente lite is largely within the sound discretion of the trial judge and his conclusions as to the amount of the award will not be disturbed on appeal unless there has been a clear abuse of discretion. Manning v. Manning, 406 So.2d 285 (La.App. 3rd Cir. 1981). After a review of the record, this court does not find a clear abuse of discretion by the trial court.
The husband next complains of the refusal of the trial court to grant him relief on his application for modification of the award of alimony pendente lite. After the divorce, he sought a termination of alimony, or at least a reduction, based on an alleged change of circumstances.
In order to modify an award of alimony, the spouse seeking the modification must show a change of circumstances supporting the modification. Johnson v. Johnson, 467 So.2d 98 (La.App. 3rd Cir.1985).
The circumstance relied upon by the husband in this case as a change, was the receipt by the wife of $60,856.19 from the State of Louisiana in an expropriation of community property. She got the money after the initial award of alimony pendente lite, however, the property for which the money was received as compensation was owned at the time alimony was initially considered and awarded. This payment was not a change of circumstances; it was merely the conversion of an asset, a stake in an office building, into cash. The trial court properly regarded this as a return of capital and not income, and that its receipt did not affect her entitlement to alimony pendente lite. See Wilhite v. Wilhite, 408 So.2d 973 (La.App. 2nd Cir.1982), writ den., 412 So.2d 100 (La.1982).
Although the argument is not vigorously pursued in the husband's brief, the suggestion is ventured that we should on this appeal terminate alimony pendente lite effective on the date of the divorce, August 10, 1987. The reason why this suggestion is only timidly ventured and not vigorously argued is likely explained by the fact that the parties contemplated, as clearly evidenced by their pleadings and otherwise in the record, that alimony pendente lite would remain in force until the issue of *1374 fault became definitive after appeal (or the wife remarried). The judgment of divorce so provided, and the husband did not appeal that judgment. Moreover, the husband in brief concedes the application of Cassidy v. Cassidy, 477 So.2d 84 (La.1985), to the procedural facts of this case, and we likewise find that case applicable. Regardless of the fact the divorce was not appealed, the issue of fault was appealed, and the husband must pay alimony pendente lite until final determination of the fault question. Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987).

CUSTODY
The deference owed to trial court findings in domestic cases applies to custody rulings as well. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). The husband here attacks the ruling that the primary residential care of the minor child be with the mother. The primary evidence on which this attack rests is evidence that was before the trial court when the joint custody plan was initially considered.
La.C.C. art. 146 establishes an order of preference as to whom custody shall be awarded. Joint custody is the first preference. In the instant case, the parties entered a provisional implementation plan for joint custody. This plan provided that the wife would be the domiciliary parent. The father and the mother approved the plan and the trial court affirmed it in a judgment on June 3, 1986. The plan was again included in the judgment of separation from bed and board April 1, 1987. The trial court once more incorporated the plan in the judgment of divorce on August 10, 1987.
In his argument, the father relies heavily on the deposition of Richard J. Wakeman, M.D., dated February 19, 1986. This deposition was taken prior to the three judgments which awarded domiciliary custody to the mother in this case.
The father has not pointed to any change of circumstances since the rendering of the three judgments of the lower court, and we find no error in the trial court's award of the primary residential care of the minor child to the mother.
For these reasons, the judgment of the trial court is affirmed. Costs on appeal will be divided equally between the parties.
AFFIRMED.