543 So.2d 98 (1989)
Victor A. NAPOLI
v.
Frances Montgomery NAPOLI.
Nos. CA 88 1536, CA 88 1537.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Rehearing Denied June 2, 1989.
*99 Veronica P. Martzell, New Orleans, for plaintiff-appellee Victor A. Napoli.
R. Barry Marioneaux, Plaquemine, for defendant-appellant Frances Montgomery Napoli.
Before COVINGTON, C.J., and LOTTINGER and FOIL, JJ.
FOIL, Judge.
Frances Montgomery Napoli has appealed from the judgment awarding her husband, Victor A. Napoli, a divorce under La.R.S. 9:301 (living separate and apart in excess of one year). Her complaint is directed at the granting of the divorce by the trial judge while severing the issue of fault without providing for the continuance of alimony pendente lite until the final determination of the fault issue.

FACTS
Victor and Frances Montgomery Napoli were married on December 22, 1979, and of this marriage one child was born. On November 23, 1987, Mr. Napoli filed a petition for separation alleging that he and Mrs. Napoli separated by mutual consent on April 27, 1987, and seeking a separation based on the parties having lived separate and apart for more than six months. Mrs. Napoli answered, denying these assertions of her husband's petition. Further, she filed a reconventional demand wherein she claimed to be free from fault in the separation and prayed for a separation based on Mr. Napoli's cruel treatment and acts of adultery. After a hearing on a Rule Nisi filed by Mrs. Napoli in the separation suit, she was granted exclusive use of the former matrimonial domicile, $900.00 per month as alimony pendente lite, and $1,000.00 per month for child support.
On May 2, 1988, Mr. Napoli filed a petition for divorce on the grounds that the parties had lived separate and apart in excess of one year, in accordance with La. R.S. 9:301. He further asked that the court make a finding of mutual fault in the separation. Again, Mrs. Napoli answered, admitting that Mr. Napoli was at fault in causing the separation of the parties, but denying her own fault. As in the separation suit, she filed a reconventional demand, alleging Mr. Napoli was guilty of cruel treatment which rendered their living together insupportable, as well as adultery. She also claimed she was free from fault during the entirety of the marriage and prayed that she be awarded permanent alimony.
Pursuant to a motion filed by Mr. Napoli, the two suits were consolidated. On June 20, 1988, the trial of the matter began. A portion of the evidence, consisting of the testimony of three witnesses and certain physical evidence, was introduced. The matter was laid over until September 29, 1988, for completion of the testimony. However, at the close of the day on June 20, counsel for Mr. Napoli requested that his client be awarded a judgment of divorce as of that date, and that the court leave open the question of permanent alimony until a later time. Counsel for Mrs. Napoli strongly objected to the piecing of judgment unless the court would continue alimony pendente lite until the final determination *100 of fault. The trial judge took the matter under advisement, after which judgment was granted in favor of Mr. Napoli, awarding him a divorce on the grounds of living separate and apart in excess of one year. The trial judge further ordered that the issue of fault be severed, and trial of said issue continued to September 29, 1988. No written reasons for judgment were given, nor was any reference made to the continuance or discontinuance of alimony pendente lite. It is from this judgment, rendered June 23, 1988, that Mrs. Napoli brings the instant appeal.

ALIMONY PENDENTE LITE
By means of a single assignment of error, Mrs. Napoli urges that the trial judge erred by not ordering the continuation of alimony pendente lite until a final determination of the issue of fault. Alternatively, Mrs. Napoli contends the trial judge abused her discretion by ordering a severance of the fault issue and granting a divorce prior to a determination of her entitlement to permanent alimony.
On the authority of La.Code Civ. Pro. art. 1038, a trial judge has the discretion to "order the separate trial of the principal and incidental actions" in a lawsuit. We initially note it is this Court's opinion that, in cases of this nature, it is in the interest of judicial efficiency, as well as the spouses, for a trial judge to make a determination of the permanent alimony fault issue when the merits of the divorce are being determined. However, we cannot say the trial judge in this instance abused her great discretion in ordering a severance of the two. La.R.S. 9:301 provides the statutory right of spouses to a divorce based on the grounds of living separate and apart continuously for a period of one year or more. Although the trial judge provided no reasons for granting the severance, it is obvious that there was no contest as to Mr. Napoli's entitlement to a divorce as Mrs. Napoli admitted at trial the parties had lived separate and apart without reconciliation for more than one year.
La.Civ.Code art. 148 authorizes the payment of alimony pendente lite to a spouse who "has not sufficient income for maintenance pending suit" for separation or divorce in a sum proportioned to that spouse's needs and the other spouse's means. Literally, alimony pendente lite means alimony pending the litigation. This type of alimony arises from the obligation of one spouse to support the other during the pendency of the marriage. It does not depend on the merits of the suit for separation or divorce, or upon the actual or prospective outcome of the suit. However, once the marriage is terminated, the mutual obligation of support, which is the foundation of alimony pendente lite, no longer exists. As such, this support does not terminate until a final, or definitive, judgment of divorce. Before a divorce judgment becomes definitive, it can be suspensively appealed. La.Code Civ.Pro. art. 3942. Since the marriage continues during an appeal of a divorce judgment, so does the obligation of care and support. Cassidy v. Cassidy, 477 So.2d 84 (La.1985). Therefore, an award of alimony pendente lite previously ordered during separation proceedings in the district court continues to accrue pending the final disposition of any appeal from that proceeding or divorce decree subsequently rendered in connection therewith. Daigle v. Breaux, 477 So.2d 798, 802 (La. App. 5th Cir.1985); Bateman v. Larson, 452 So.2d 184, 186 (La.App. 4th Cir.1984). It thus continues to accrue until all applicable delays for seeking appellate review have expired. See Bruner v. Bruner, 373 So.2d 971, 975 (La.App. 2d Cir.1979).
Accordingly, for the above stated reasons, the judgment of the trial court is affirmed as to the granting of a divorce and severing of the issue of fault. Further, it is ordered, adjudged and decreed that appellant, Frances Montgomery Napoli, is entitled to the retroactive reinstatement of alimony pendente lite in the amount of $900.00 per month to be continued until this divorce judgment is final. The trial court may take the duration and amount of this award into consideration when making a determination of the amount, if any, of permanent alimony Mrs. Napoli is entitled to, in the event she is *101 found to be free from fault. Costs of this appeal are assessed to appellee.
AMENDED AND AFFIRMED AS AMENDED.