ALFORD, Judge.
Harold J. Rhodes appeals a judgment making past due alimony payments ($14,-000) executory and ordering him to pay attorney’s fees of $500 to his ex-wife’s (Agatha P. Rhodes) attorney.
Mrs. Rhodes first brought suit for separation on January 3, 1986, and Mr. Rhodes later sued for a divorce on September 15, 1987, on the grounds that the parties had lived separate and apart for more than one year. In the divorce proceedings Mr. Rhodes attempted to prove that Mrs. Rhodes was at fault and thereby not entitled to alimony. The trial judge refused to hear evidence regarding pre-separation[1] fault; therefore, Mr. Rhodes was unable to prove fault on the part of Mrs. Rhodes. On December 3, 1987, a judgment of divorce was granted and signed. In the judgment of divorce the trial judge ordered that all prior orders relative to alimony be continued in full force and effect. Thus, the prior alimony award of $1,750 per month[2] remained in effect as permanent alimony for Mrs. Rhodes.
On the advice of counsel, Mr. Rhodes stopped paying alimony after the final divorce decree on December 3, 1987. Mr. Rhodes was of the opinion that the judgment of divorce improperly awarded permanent alimony to Mrs. Rhodes based on the prior pendente lite alimony award. On April 21, 1988, Mrs. Rhodes filed a rule to make past due alimony executory and to find Mr. Rhodes in contempt. On August 30, 1988, the trial court awarded Mrs. Rhodes $14,000 (representing past due alimony payments) and Mrs. Rhodes’ attorney $500 attorney’s fees.[3] Mr. Rhodes appeals this judgment.
On a motion for contempt and to make past support awards executory, it is not a defense for the husband-judgment debtor to assert error of the lower court in its original granting of awards. Weeks v. Weeks, 349 So.2d 1008 (La.App. 2d Cir.1977). All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect, the remedy is to apply for review, and absent a stay, to comply with the order pending review. Persons who make private determinations of the law and refuse to obey an order risk contempt even if the order is ultimately ruled incorrect. State v. Meyer, 375 So.2d 372 (La.1979).
Since Mr. Rhodes did not appeal the award of permanent alimony in the judgment of divorce, that judgment is final.[4] The trial court was correct in awarding Mrs. Rhodes the past due alimony payments and attorney’s fees to her attorney.
For the foregoing reasons, the judgment of the lower court is affirmed, Mr. Rhodes (appellant) to pay all costs of this appeal.
AFFIRMED.

. A judgment of separation was rendered and signed on September 29, 1987.

. On June 20, 1986, a judgment was signed awarding alimony pendente lite in the amount of $1,750 per month to Mrs. Rhodes. This award has remained constant since that time.

. The contempt rule against Mr. Rhodes was dismissed.

. In a sense, an alimony judgment is not final in that a suit for modification, reduction or termination of the judgment may be brought. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954).