558 So.2d 695 (1990)
Donna Hansman NUNGESSER
v.
Hugh Lester NUNGESSER.
No. 89 CA 0888.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Writ Denied April 27, 1990.
*696 Ellen W. Kessler, New Orleans, for plaintiff-appellant.
Harry Pastuszek, Jr., Covington, for defendant-appellant.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Plaintiff, Donna Hansman Nungesser, and defendant, Hugh Lester Nungesser, were married on December 14, 1967. On July 27, 1987, Mrs. Nungesser filed a petition for separation alleging that Mr. Nungesser had treated her so cruelly as to render their living together insupportable; Mrs. Nungesser also sought alimony pendente lite. Mr. Nungesser answered the petition, denying the allegations and alleging that Mrs. Nungesser was at fault due to cruelty and that they had physically separated on July 2, 1987. The parties *697 entered into a consent judgment on February 8, 1988, whereby Mr. Nungesser was to pay Mrs. Nungesser alimony pendente lite of $2,300.00 per month, which was to be paid from the $133,000.00 that Mrs. Nungesser took from her and her husband's joint savings account pursuant to a mutual agreement reached on July 2, 1987. On February 24, 1988, Mrs. Nungesser filed a rule to increase alimony pendente lite wherein she alleged that she had exhausted the $133,000.00; on June 1, 1988, the court rendered judgment increasing Mrs. Nungesser's alimony pendente lite to $2,500.00 per month retroactive to April 1, 1988, until further order of the court.
On August 25, 1988, a hearing was held on the separation as well as on a divorce petition filed by Mr. Nungesser on the grounds of living separate and apart in excess of one year in accordance with LSA-R.S. 9:301; the divorce petition was filed by Mr. Nungesser as a separate suit, and the separation suit and the divorce suit were consolidated for the purposes of the hearing. On August 29, 1988, the court rendered judgment granting Mrs. Nungesser a separation based on Mr. Nungesser's cruel treatment and finding Mrs. Nungesser free from fault. On August 31, 1988, the court rendered judgment granting Mr. Nungesser a divorce on the basis of living separate and apart for over a year.
On August 29, 1988, Mrs. Nungesser filed a rule seeking permanent alimony. Mr. Nungesser filed a motion for a new trial on the separation judgment on September 7, 1988, contesting the trial court's factual findings as to fault. On October 10, 1988, Mrs. Nungesser filed a petition for a suspensive appeal of the judgment of divorce rendered on August 31, 1988. She filed a motion to dismiss her rule for permanent alimony on the basis that it was premature due to her appeal of the judgment of divorce and Mr. Nungesser's motion for a new trial; the court ordered the rule dismissed on October 24, 1988. Mrs. Nungesser then filed a rule for contempt because Mr. Nungesser was not paying alimony pendente lite; she also sought a judgment for the accumulated alimony pendente lite and for attorney's fees and court costs. On December 5, 1988, the court held a hearing on Mr. Nungesser's motion for a new trial and Mrs. Nungesser's rule for contempt. The court rendered judgment on January 25, 1989, denying Mr. Nungesser's motion for a new trial. The court also ordered that alimony pendente lite as previously ordered by the court in the amount of $2,500.00 was due from Mr. Nungesser continuing from the previous court order on June 1, 1988, through September, 1988, until further order of the court. The court rendered judgment against Mr. Nungesser for $12,500.00 with legal interest, which represented the unpaid alimony pendente lite from September, 1988, through January, 1989. The court ordered Mr. Nungesser to pay $1,500.00 in attorney's fees to Mrs. Nungesser's attorney as well as court costs and found Mr. Nungesser in contempt for his failure to pay the alimony pendente lite. The court ordered Mr. Nungesser to pay $500.00 to Mrs. Nungesser to purge himself of contempt.
From this judgment, Mr. Nungesser appeals, urging the following assignments of error:
1. The trial court erred in finding Mrs. Nungesser free from fault in the separation.
2. The trial court erred in finding that the conduct of Mr. Nungesser was the cause which rendered the parties' living together insupportable.
3. The trial court erred in finding that the conduct of Mrs. Nungesser shortly before the breakup was not substantial enough to have rendered the parties' living together insupportable.
4. The trial court erred in ordering Mr. Nungesser to pay $1,500.00 in attorney's fees for the bringing of the rule to compel payment of alimony pendente lite after the parties' divorce.
5. The trial court erred in ordering Mr. Nungesser to continue to pay alimony pendente lite after the parties' divorce.
6. The trial court erred in ordering that the amounts of alimony pendente lite due since the parties' divorce be made executory.

*698 7. The trial court erred in holding Mr. Nungesser in contempt for failing to pay alimony pendente lite.
8. The trial court erred by ordering Mr. Nungesser to pay Mrs. Nungesser $500.00 to purge himself of the contempt of court.
Mrs. Nungesser answered the appeal, urging that Mr. Nungesser's appeal was frivolous and brought for the purposes of delay and also that the attorney's fees awarded Mrs. Nungesser were too low.

ASSIGNMENTS OF ERROR NOS. 1, 2, 3:

TRIAL COURT'S FINDINGS OF FAULT
Mr. Nungesser contests the trial court's finding that he was at fault due to cruelty and that his wife was free from fault.
This court recently discussed cruel treatment in Jarman v. Jarman, 540 So.2d 444, 447 (La.App. 1st Cir.1989):
A finding of cruelty requires a dual analysis of the facts. First, the judge must decide whether or not the objective factual conduct, which is alleged to be cruel, actually occurred. Second, if the trial judge finds that the conduct in fact occurred, he must make a further, largely subjective, determination as to whether or not that conduct rendered the parties' living together insupportable....
(Citations omitted). Factual findings of the trial court are entitled to great weight and will not be disturbed on appeal unless found to be manifestly erroneous. Jarman, 540 So.2d at 447; Yamayans v. Yamayans, 490 So.2d 371, 373 (La.App. 1st Cir.1986).
The trial judge found that Mr. Nungesser verbally abused Mrs. Nungesser and also subjected her to long periods of silence; his conduct was unrelenting and the trial judge found that it rendered the parties' living together insupportable. The trial judge also found that the evidence did not support Mr. Nungesser's allegation that Mrs. Nungesser's spendthrift nature provoked his conduct; he found that Mrs. Nungesser did not waste community assets nor did she spend community funds without Mr. Nungesser's consent. We have thoroughly reviewed the record and find that the trial judge's fault determinations were not manifestly erroneous. Assignments of Error Nos. 1, 2, and 3 have no merit.

ASSIGNMENTS OF ERROR NOS. 4, 5, 6, 7, AND 8:

ALIMONY PENDENTE LITE
We will first discuss Assignment of Error No. 6 wherein Mr. Nungesser contests the judgment rendered against him for unpaid alimony pendente lite from September, 1988, through January, 1989 (this represents alimony pendente lite between the divorce judgment rendered by the trial court and the court's ruling on the motions for new trial and contempt). Mr. Nungesser contends that because a judgment of divorce had been rendered he no longer had an obligation to pay alimony pendente lite. However, at the time the court heard the motion for contempt and to make the past due alimony pendente lite executory, Mrs. Nungesser had appealed the divorce judgment and thus it was not definitive. Cassidy v. Cassidy, 477 So.2d 84 (La.1985); Conner v. Conner, 499 So.2d 312 (La.App. 1st Cir.1986). Because the judgment of divorce was appealed and thus was not definitive, Mr. Nungesser's obligation to pay alimony pendente lite still existed. Cassidy, 477 So.2d at 85-86; Conner, 499 So.2d at 313-314. Therefore, Assignment of Error No. 6 has no merit. We also note that this assignment of error has no merit for the reasons we will discuss regarding Assignment of Error No. 5.
In Assignment of Error No. 5, Mr. Nungesser complains of the trial court's ruling that he must continue to pay alimony pendente lite after his divorce. As earlier noted, the judgment of divorce was appealed and therefore, was not definitive at the time that the trial court heard Mrs. Nungesser's rule for contempt. The appeal of the divorce judgment was dismissed by Mrs. Nungesser on March 16, 1989. However, while the divorce judgment is no longer being appealed, the denial of the *699 motion for new trial as to the fault issues in the separation judgment is being appealed by Mr. Nungesser. We find that because the trial court's fault findings as to the separation judgment have been appealed, Mr. Nungesser's obligation to pay alimony pendente lite continues until there is a final determination of the fault question.
We base our decision on a review of the jurisprudence involving the issue of the obligation to pay alimony pendente lite during the pendency of the appeal of the separation judgment. We note that the jurisprudence on this issue is not as clear as the jurisprudence involving the continuation of alimony pendente lite during the appeal of a divorce judgment. The most recent First Circuit case dealing with alimony pendente lite is Napoli v. Napoli, 543 So.2d 98 (La. App. 1st Cir.1989). In Napoli, the wife appealed from a judgment which awarded her husband a divorce while severing the issue of fault without providing for continuance of alimony pendente lite. This court held that the wife was entitled to alimony pendente lite during the time in which she appealed the judgment of divorce until the divorce judgment was final and definitive. In Napoli, this court made the following statement: "Therefore, an award of alimony pendente lite previously ordered during separation proceedings in the district court continues to accrue pending the final disposition of any appeal from that proceeding or divorce decree subsequently rendered in connection therewith." Napoli, 543 So.2d at 100 (Citations omitted; Emphasis ours). We feel this statement indicates this court's inclination to find that alimony pendente lite continues to accrue pending the appeal of any fault determination in the separation proceedings even where the divorce judgment is definitive. In making the statement, this court cited a Fourth Circuit case and a Fifth Circuit case, Daigle v. Breaux, 477 So.2d 798, 802 (La.App. 5th Cir.1985) and Bateman v. Larson, 452 So.2d 184, 186 (La.App. 4th Cir.1984). While both of these cases involved continuation of alimony pendente lite pending the appeal of a divorce judgment, they contained the statement which Napoli propounded. Another recent First Circuit case, Conner v. Conner, 499 So.2d at 313, only involved an appeal of the divorce judgment, as did the supreme court case of Cassidy v. Cassidy, 477 So.2d at 85.
Several cases in the Fourth Circuit and one case in the Third Circuit have addressed the issue now before us and determined that alimony pendente lite continues while a determination of fault in the separation judgment is being appealed. Olson v. Olson, 519 So.2d 828 (La.App. 4th Cir. 1988); Martinez v. Martinez, 503 So.2d 544 (La.App. 4th Cir.1987); Taddonio v. Kinney-Taddonio, 428 So.2d 486 (La.App. 4th Cir.1983); Nugent v. Nugent, 533 So.2d 1370 (La.App. 3rd Cir.1988). While these cases also involved appeals of divorce judgments, the courts did not base their finding that alimony pendente lite continued to accrue on the appeal of the divorce judgment. Olson, 519 So.2d at 829; Martinez, 503 So.2d at 547; Nugent, 533 So.2d at 1373-1374.[1]
*700 The Fifth Circuit has reached a result opposite to the Fourth and Third Circuits. Williams v. Williams, 541 So.2d 928 (La. App. 5th Cir.), writs denied, 544 So.2d 384 (La.1989). In the Williams case, the Fifth Circuit ruled that where one spouse has been awarded alimony pendente lite and where a determination of marital fault has yet to become definitive, but, meanwhile, a no-fault divorce judgment has become definitive, the duty to pay alimony pendente lite ceases when the divorce judgment becomes definitive.
We elect not to follow the Williams case for several reasons. Initially, a writ denial is not to be taken as a ruling by the supreme court as to the law. DeBattista v. Argonaut-Southwest Insurance Co., 403 So.2d 26, 33 (La.1981), cert. denied, 459 U.S. 836, 103 S.Ct. 82, 74 L.Ed.2d 78 (1982). Carroll v. State Farm Insurance Co., 519 So.2d 265, 267 (La.App. 5th Cir.), writ denied, 520 So.2d 756 (La.1988). Furthermore, we are not bound by the decisions of another circuit. Wilson v. A-1 Industries, Inc., 451 So.2d 1251 (La.App. 4th Cir.), writ denied, 457 So.2d 14 (La.1984). See also Godwin v. Government Employees Insurance Co., 394 So.2d 751, 758-759 (La.App. 3d Cir.1981). We also feel that the statement in the Napoli decision is an indication of our intent to follow the Fourth and Third Circuits. Finally, the supreme court in the Taddonio case vacated the appellate court's judgment denying alimony pendente lite pending an appeal of the fault issue in the separation judgment where the divorce judgment had become definitive.
For these reasons, because Mr. Nungesser appealed the fault findings in the separation proceeding, his obligation to pay alimony pendente lite continues until the final disposition of the fault issue on appeal; his obligation to pay alimony pendente lite did not cease when the divorce judgment became definitive. Thus, Assignment of Error No. 5 has no merit.
In Assignment of Error No. 4, Mr. Nungesser contends the court erred in awarding Mrs. Nungesser attorney's fees when rendering judgment making the past due alimony pendente lite executory. Under LSA-R.S. 9:305, "When the court renders judgment in an action to make past due alimony ... executory, ... except for good cause, the court shall award attorney fees and costs to the prevailing party."
In the case sub judice, Mr. Nungesser did not have good cause for failure to pay alimony pendente lite between the judgment of divorce and the hearing on the motion for a new trial. When the Nungessers' judgment of divorce was rendered on August 31, 1988 the law was clear that alimony pendente lite was due pending an appeal of a divorce and on October 10, 1988, Mrs. Nungesser appealed the divorce judgment. Cf. Conner, 499 So.2d at 314. (The Conner court denied the claim for attorney's fees under LSA-R.S. 9:305 because the law had been that alimony pendente lite was not due pending an appeal of a divorce judgment, citing Whipple v. Whipple, 451 So.2d 1306 (La.App. 1st Cir. 1984), which was overruled by the supreme court in Cassidy.) For these reasons, the trial court was correct in awarding attorney's fees.
In Assignment of Error No. 4, Mr. Nungesser also contends that the attorney's fees awarded Mrs. Nungesser were excessive, while Mrs. Nungesser in her answer to the appeal contends they were too low. In reviewing an award of attorney's fees under LSA-R.S. 9:305, this court must determine whether the trial court abused its discretion. Debetaz v. Debetaz, 421 So.2d 379 (La.App. 1st Cir.1982). In this case, we can not say the trial court abused its discretion. Assignment of Error No. 4 has no merit, nor does Mrs. Nungesser's contention in her answer to the appeal.
Mr. Nungesser contends that the trial court erred in finding him in contempt for failing to pay alimony pendente lite in Assignment of Error No. 7. Mr. Nungesser states in brief that neither he nor Mrs. Nungesser thought that the order to pay alimony pendente lite was in force due to the judgment of divorce; he also says that his conduct in failing to pay the alimony pendente lite did not constitute willful disobedience. While no evidence was introduced at the rule for contempt, it is not *701 disputed that Mr. Nungesser did not pay alimony pendente lite once the trial court granted the parties a judgment of divorce. Certainly Mr. Nungesser was aware that his failure to pay was in contravention of the court's order and thus his violation of the court's order was knowing and intentional. Mr. Nungesser's reasons for his failure to pay do not constitute a justifiable excuse.
All orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect, the remedy is to apply for review, and absent a stay, to comply with the order pending review. Persons who make private determinations of the law and refuse to obey an order risk contempt even if the order is ultimately ruled incorrect. State v. Meyer, 375 So.2d 372 (La.1979).
Rhodes v. Rhodes, 544 So.2d 8, 9 (La.App. 1st Cir.1989). The trial judge is vested with great discretion in determining whether a party should be held in contempt for disobeying the court's orders. Martin v. Martin, 457 So.2d 189, 193 (La.App. 2d Cir.1984). In this case, we can not say that the judge abused his discretion; Assignment of Error No. 7 has no merit.
In Assignment of Error No. 8, Mr. Nungesser complains that the trial court erred in ordering him to pay the $500.00 fine he was assessed to Mrs. Nungesser. We agree. According to LSA-Const. Art. 5 § 2, "[t]he power to punish for contempt of court shall be limited by law."
In the Code of Civil Procedure articles dealing with contempt, LSA-C.C.P. art. 227 directs the court to LSA-R.S. 13:4611 for the "punishment which a court may impose upon a person adjudged guilty of contempt of court."
LSA-R.S. 13:4611 authorizes fines, stating as follows:
§ 4611. Punishment for contempt of court
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
. . . .
(d) For any other contempt of court, including disobeying an order for the payment of child support or alimony or an order for the right of visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
LSA-C.C.P. art. 330 deals with the disposition of the fines, stating:
Art. 330. Collection of fines from, and imprisonment of, persons found guilty of contempt of court
The sheriff shall collect the fines which persons found guilty of contempt of court are sentenced to pay, and pay them over to the official entitled by law to receive them.
Finally, we note that a contempt proceeding is designed for vindication of the dignity of the court rather than for the benefit of a litigant. Martin v. Martin, 457 So.2d at 193. The payment of the fine to Mrs. Nungesser does not vindicate the court; it benefits a litigant. For these reasons, the judgment of the court awarding the $500.00 fine to Mrs. Nungesser will be amended to reflect that the fine is payable to the court. Assignment of Error No. 8 has merit.

ANSWER TO THE APPEAL:

FRIVOLOUS APPEAL
In Mrs. Nungesser's answer to Mr. Nungesser's appeal, she requests damages for a frivolous appeal. Mrs. Nungesser contends that the evidence clearly supported the court's fault findings and thus there was no basis for Mr. Nungesser to appeal them. She further contends that the law was clear regarding Mr. Nungesser's obligation to pay alimony pendente lite, as the Williams case, which supported Mr. Nungesser's position, was not decided until after he appealed.
Damages for a frivolous appeal are awarded pursuant to LSA-C.C.P. art. 2164; this statute is penal in nature and must be strictly construed. Seago, Patrick, Carmichael *702 & Miller v. State Farm Mutual Automobile Insurance Co., 521 So.2d 674, 678 (La.App. 1st Cir.1988). Because appeals are favored, damages for a frivolous appeal are not granted unless they are clearly due. Seago, 521 So.2d at 678. "In order to determine if one is entitled to damages for a frivolous appeal, the court must look at whether the appeal was taken solely for delay, whether the appeal raises serious legal questions, and whether counsel for appellant is sincere in advocating his position." Jarman v. Jarman, 532 So.2d 484, 486 (La.App. 1st Cir.1988). (Citation omitted).
In the case sub judice, Mrs. Nungesser has not established that this appeal is frivolous. Although we find that many of Mr. Nungesser's arguments are without merit, a serious legal issue is involved as to whether alimony pendente lite is due pending the appeal of fault issues in the separation judgment where the divorce judgment has become definitive. Furthermore, Mr. Nungesser's contention in Assignment of Error No. 8 regarding the trial court's awarding of a fine for contempt to Mrs. Nungesser has merit. For these reasons, we find that damages for a frivolous appeal are not warranted.
For the above and foregoing reasons, the judgment of the trial court is amended to reflect that the $500.00 fine is payable to the court in accordance with the law. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal to be paid by Mr. Nungesser.
AMENDED AND AS AMENDED, AFFIRMED.
CARTER, J., concurs in part and dissents in part.
CARTER, Judge, concurring in part and dissenting in part.
I agree with the majority opinion as to assignments of error nos. 1, 2, 3, 6, and 8 and the denial of damages for frivolous appeal, but I disagree with the majority's treatment of assignments of error nos. 4, 5, and 7.
I do not believe that alimony pendente lite can continue after a final definitive judgment of divorce. Williams v. Williams, 541 So.2d 928 (La.App. 5th Cir. 1989), writ denied, 544 So.2d 384 (La.1989) sets forth the better rationale and should be followed by this court. I also disagree with the award of attorney's fees and the amount thereof.
I agree with that portion of the majority's opinion that it was improper for the trial court to order Mr. Nungesser to pay the $500.00 fine to Mrs. Nungesser, but I do not agree that any fine should be assessed because in my opinion Mr. Nungesser was not in contempt of court.
NOTES
[1] Particularly of note in these cases is Taddonio v. Kinney-Taddonio. In the Taddonio case the trial judge in the divorce judgment had ordered payment of alimony pendente lite "until such time as a final determination has been made on the issue of fault." The wife appealed, claiming that the trial judge had erred in not staying her husband's petition for divorce until the final judgment had been rendered in the separation suit and on the question of mutual fault. Taddonio v. Kinney-Taddonio, 422 So.2d 1282 (La. App. 4th Cir.1982). The husband appealed the award of alimony pendente lite after the judgment of divorce became final. The Fourth Circuit reversed and set aside the part of the judgment awarding alimony pendente lite after divorce and remanded to the trial court for the purpose of setting after divorce alimony (LSA-C.C. Art. 160) pending final determination of the fault question. Taddonio, 422 So.2d at 1284. The Louisiana Supreme Court in Taddonio v. Kinney-Taddonio, 431 So.2d 412 (La.1983) set aside the Fourth Circuit's ruling "only insofar as it reverses the trial court judgment awarding alimony pendente lite and insofar as it remands to the trial court `for the purpose of setting after divorce alimony under La.C.C.Pr. art. 160 pending a final determination of the fault question'", and remanded to the Court of Appeal. On remand, the Fourth Circuit stated that the Supreme Court affirmed the trial court's judgment granting alimony pendente lite until final determination of the fault question.