LCHEHARDY, Judge.
In this matter, defendant appeals a judgment of the trial court, assigning a fine in the amount of $500.00 and attorney’s fees in the amount of $4,500.00 against defendant for contempt of court. For the following reasons, we vacate and remand.
On January 2, 1997, plaintiffs/appellees filed a petition to establish visitation rights pursuant to La. R.S. 9:344 against defendant/appellant. Plaintiffs are the paternal grandmother and aunts and uncles of defendant’s three minor children. Defendant’s husband (plaintiffs’ son/brother) died in 1996.
On August 8,1997, the trial court signed an order for defendant to appear and show cause on September 2, 1997, “why she should not be held in contempt of court for failing to attend mediation as ordered.” At the September 2, 1997 hearing, counsel for defendant appeared and advised the court that defendant had received notice of the hearing, but that she had moved to Florida and would not attend the hearing personally. Counsel for defendant was thereafter allowed to withdraw as counsel of record.
On September 8, 1997, the trial court signed a judgment, granting plaintiffs visitation with the minor children, setting out a temporary visitation schedule, finding defendant to be in contempt of court, and setting “a purge date and a new hearing” for September 23,1997.
[ 3After several continuances, defendant was served with the order to appear and the matter was set for hearing on March 24, 1998. Defendant again failed to appear. As a result, on March 28, 1998, the trial court signed a judgment, setting out a permanent visitation schedule, and again finding defendant “in contempt of court for her failure to appear at the time of the March 24, 1998 hearing.” However, the trial court deferred sentencing and again set a “purge date for the defendant to appear and show cause, if any she can [sic], why there should not be an imposition of sentencing.” The “purge date” was set for June 1,1998.
After defendant did not appear at the June 1, 1998 hearing, on June 15,1998, the trial court signed a judgment, again finding defendant “in contempt of court for her failure to appear at the June 1, 1998 hearing,” and setting a fine in the amount of $5,000.00 “plus all court costs for her contempt. This amount shall be made an executory judgment in favor of Audrey T. Bellow, et al.”
On July 20, 1998, current counsel for defendant filed a petition for appeal, which was granted by the trial court. On August 7, 1998, counsel for defendant also filed a notice of intent to apply for writs of certio-rari, prohibition and mandamus, and a motion to set return date for supervisory writs, which was also granted by the trial court.
Defendant’s writ, No. 98-C-856, was heard and granted by this Court on October 5, 1998. The writ disposition held, in pertinent part:
Relator was found in contempt of court for failure to attend mediation proceedings, following required notice, on September 8, 1997. The judgment of September 8, 1997, is the only valid contempt proceeding in the present record, and therefore any penalty herein can only attach to that judgment. The trial court could have ordered a single fine in the proper amount under La. R.S. 13:4611(d); hence it erred in directing that a fine *275 of $5,000.00 be paid to the respondents.
A contempt proceeding is designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Nungesser v. Nungesser, 558 So.2d 695, 701 (La.App. 1 Cir.1990). Thus, the court cannot order a fine or penalty to be paid to a litigant because such payment does not vindicate the court. City of Kenner v. Jan P. Jumonville, Placide Jumonville,[ 701 So.2d 223,] p. 8. The fine must be made payable to the court itself. Brunet, supra.[1] 1 /Therefore, we remand this matter to the district court with instructions to state what, if any, portion of that amount may have been for attorney fees. In all other respects, including the judgments as they relate to visitation, the writ is denied. See La. C.C. art. 136 and R.S. 9:344.
Thereafter, defendants appeal was dismissed by this Court as moot. In Bellow v. Bellow, 98-1031 (La.App. 5 Cir.4/15/99), 734 So.2d 108, we held that the effect of our writ disposition in No. 98-C-856 “was to vacate the June 15, 1998, judgment in its entirety.”
In the interim, the trial court set a hearing date for February 11, 1999, on the remand from our writ disposition. After hearing arguments from counsel only, with no testimony or evidence presented regarding attorney’s fees, on February 24, 1999, the trial court rendered judgment, ordering “that with regard to the finding of constructive contempt against Victoria Debowe Bellow relative to the June 1, 1998 hearing, the court assesses a fine of five hundred and no/100 ($500.00) dollars against Victoria Debowe Bellow which is to be paid directly to the court.” (emphasis ours.) The judgment also ordered “that with regard to the finding of constructive contempt against Victoria Debowe Bellow relative to the June 1, 1998 hearing, the court awards attorney fees in favor of Audrey T. Bellow, et al. and against Victoria Debowe Bellow in the amount of four thousand five hundred and no/100 ($4,500.00) dollars.” (emphasis ours.)
This appeal ensued, with defendant asserting three assignments of error: the trial court erred in awarding attorney’s fees upon an invalid judgment vacated by the Court of Appeal; the trial court erred in granting relief to decedent’s siblings; and the trial court erred in awarding attorney’s fees without an adequate showing of an entitlement therefor.
A cursory review of the February 24, 1998 judgment reveals that the fine and award of attorney’s fees for defendant’s contempt of court are “relative to the June 1, 1998 hearing.” As stated, we held in Writ No. 98-C-856 that the September 8, 1997 judgment “is the only valid contempt proceeding.” In the subsequent appeal, No. 98-CA-1031, which arose out of the same issue, we held that the effect of the writ disposition “was to vacate the June 15, 1998, judgment in its entirety.” Therefore, the trial court’s February 24, 1998 judgment was rendered in error, and is hereby vacated.
IsAfter reviewing the transcript of the February 11, 1999 hearing, we further find that, absent argument of counsel, plaintiffs failed to present any testimony or evidence to the trial court on which to base an amount of attorney’s fees. • This is especially relevant considering the fact that the attorney’s fees must be related to work performed only until the September 2, 1997 hearing, the date when defendant was found to be in contempt of court. We will therefore remand this matter to the trial court for a hearing on a reasonable amount of attorney’s fees.
Defendant’s second assignment of error, that the siblings of the decedent have no legal right of relief, is without merit. Our writ disposition of October 5,1998 (No. 98-C-856), citing La. C.C. art. 136 and La. *276 R.S. 9:344, denied defendant’s complaints on the same issue.
For the foregoing reasons, the trial court’s judgment of February 24, 1998 is vacated. The matter is remanded to the trial court for further proceedings consistent with this opinion.
VACATED AND REMANDED.

. Brunet v. Magnolia Quarterboats, Inc., 97-187 (La.App. 5 Cir.3/11/98), 711 So.2d 308.