HUGHES, J.,
dissents and would grant the writ.
LLSA-R.S. 13:4611(l)(d)(i) provides:
For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
LSA-C.C.P. art. 330 provides:
The sheriff shall collect the fines which persons found guilty of contempt of court are sentenced to pay, and pay them over to the official entitled by law to receive them. He shall take into custody and imprison individuals found guilty of contempt of court and sentenced to imprisonment in the parish jail.
LSA-Const. Art. 5, Section 2 provides: A judge may issue writs of habeas corpus and all other needful writs, orders, and process in aid of the jurisdiction of his court. Exercise of this authority by a judge of the supreme court or of a court of appeal is subject to review by the whole court. The power to punish for contempt of court shall be limited by law.
In this case the family court judge found relator in contempt and ordered him to pay the opposing party $5,333 in attorney’s fees and $1,000 to the Judicial Expense Fund.
| ¡.Putting aside the basis for the contempt, which in my opinion is highly questionable and is also on review before this court, whereby the family court judge verbally “allocated” separate property without a trial on the merits, the “punishment” meted out is blatantly illegal.
Contempt of court is an affront to the dignity of the court, not a private pay scheme. It is constitutionally limited. Attorney’s fees are not allowed. See Leim-kuhler v. Leimkuhler, 2007-2397 (La.App. 1 Cir. 5/2/08), 2008 WL 2068071; City of Kenner v. Jumonville, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 231, writ denied, 97-2890 (La.1/30/98), 709 So.2d 718, cert. denied, 524 U.S. 953, 118 S.Ct. 2371, 141 L.Ed.2d 739 (1998); Joseph v. Entergy, 2005-0263 (La.App. 4 Cir. 8/3/05), 918 So.2d 47, 52. Nungesser v. Nungesser, (La.App. 1 Cir.1990), 558 So.2d 695, 701, writ denied, 560 So.2d 30 (La.1990); Davis v. Harmony House Nursing Home, 35-080, p. 5 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, 96, writ denied, 2001-3162 (La.2/22/02), 810 So.2d 1143.
The reason for this requirement is that contempt proceedings are “designed for vindication of the dignity of the court rather than for the benefit of a litigant.” Nun-gesser, 558 So.2d 695.
The court of appeal utterly failed to address this specific assignment of error, and this court now declines review. I can only conclude a case of judicial fatigue as these parties have been before us previously when we held that the 22nd J.D.C. Family Court has the authority to partition separate property in connection with a divorce, rather than the district court. The results are not encouraging. This was not a case where the family court was granting the interim use of community property pending partition, but rather a final determination of ownership without a trial on the merits. Likewise, the use of a back-due child or spousal support form to establish attorney’s fees in connection with the ownership of a car gives pause.
1 ^Arbitrary contempt awards outside the law do not engender respect for the judiciary and lead to frustration in the bar. I respectfully dissent.