625 So.2d 753 (1993)
Cynthia DUET
v.
LAFOURCHE PARISH SCHOOL BOARD.
No. 92 CA 2318.
Court of Appeal of Louisiana, First Circuit.
October 15, 1993.
*754 Larry Samuel, Rosen and Samuel, New Orleans, for plaintiff-appellee Cynthia Duet.
Joseph M. Bertrand, Patrick M. Amedee, Vosbein, Delise, Amedee & Bertrand, New Orleans, for defendant-appellant Lafourche Parish School Bd.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
LOTTINGER, Chief Judge.
This case concerns the right of a public school teacher to compel a school board to pay the difference between the teachers's salary and the amount actually paid to a substitute for sick days in excess of the teacher's paid sick leave. We hold that La. R.S. 17:1201 and 1202 require the school board to remit such differential pay to the teacher and that with respect to such pay the board has no discretion.

FACTS
Cynthia Duet, a speech therapist employed by the Lafourche Parish School Board, missed a total of forty-eight days of work during the 1991-1992 school year due to surgery. Of the forty-eight days, she was fully compensated for twelve days, which represented her current and accumulated sick leave. Mrs. Duet requested additional paid sick leave which was denied by the board. Mrs. Duet then requested that the board pay her the difference between her regular salary and the amount paid to her substitute for the thirty-six days missed in excess of her allotted sick leave.[1] This request was denied, and Mrs. Duet petitioned the trial court to issue a writ of mandamus compelling the board to pay the differential amount.

ACTION OF THE TRIAL COURT
The trial court granted Mrs. Duet's request and issued a writ of mandamus compelling the board to remit payment. The trial judge stated in his oral reasons that he felt bound by the precedents of the Second and Fourth Circuits. The school board appeals this ruling.

ASSIGNMENT OF ERROR
The board assigns the following error to the trial court's decision:
Trial court erred in holding that school boards have no discretion to deny compensation to teachers who are absent due to illness, *755 even if the absence is without leave or leave without pay.

DISCUSSION
The following are the pertinent portions of the statutes which we are called upon to interpret:
La.R.S. 17:1201
A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation....
(2) ... Each parish and city school board may adopt such rules and regulations as are necessary relative to the use of such sick leave, either current or accumulated, for emergencies. The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix.
La.R.S. 17:1202
Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher's salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher's absence, and only such amount may be deducted as was actually paid to the substitute teacher. Any teacher who suffers deduction from salary, under the provisions of this Section, shall be entitled, upon request, to be furnished with the name and address of the substitute teacher. Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201.
The board contends that these provisions should be interpreted to grant it the authority to approve or deny the payment of any amount to a teacher who has exhausted the allotted number of sick days provided for in La.R.S. 17:1201. The board argues that the last sentence of La.R.S. 17:1201 A(2) grants them discretion as to whether or not to authorize additional sick leave. It is the board's position that if it is required to pay an absent teacher the differential amount, regardless of whether or not the additional leave is approved, there will be no definite point of termination of benefits. That is, the payments would continue as long as the absence lasted, provided it was due to illness. The board also argues that if the payments are non-discretionary specialized teachers would benefit more than non-specialized teachers as substitutes would be more difficult to locate. Finally, the board would have us invalidate the provisions in La.R.S. 17:1202 requiring payment to a teacher who does not work as a donation of public funds prohibited by La. Const. Art. 7, Sec. 14.
Both the Fourth and Second Circuits have interpreted the statutory provisions at issue. Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.), writ refused, 257 La. 171, 241 So.2d 531 (1970), held that a teacher is entitled to the differential pay for sick days exceeding the number of sick days for which full pay is due. The Gayle court specifically found that the fact that the teacher did not request additional sick leave had no affect on the right to differential pay. Id. at 743. The Fourth Circuit has consistently upheld this interpretation of the sick pay statutes. See Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.), writ refused, 337 So.2d 530 (La.1976) and Piper v. Orleans Parish School Board, 552 So.2d 460 (La.App. 4th Cir.1989), writ denied, 556 So.2d 36 (La. 1990).
The Second Circuit, in Mitchell v. Tillman, 469 So.2d 363 (La.App. 2d Cir.1985), held that teachers who used up their allotted paid sick leave were entitled to differential pay even though the school board had placed them on "leave without pay" status.
The rationale behind the interpretation of the Second and Fourth Circuits is that the statutes encourage school boards to hire the most qualified substitutes and to provide uninterrupted instruction to the students.
*756 The school board argues that the language contained in La.R.S. 17:1201 A(2), to wit, "The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix" grants them discretion to deny pay completely to teachers absent more than the allotted number of days. Such an interpretation would render La.R.S. 17:1202 meaningless as that statute specifically addresses the pay teachers are entitled to after their paid sick leave is exhausted. Rather, we find that the above quoted portion of the statute grants to the board the authority to grant additional fully paid sick leave or a portion thereof with the limitation that in no event can the board deduct more from the salary of a teacher than the amount actually paid to a substitute. That is, the board may choose to pay a teacher more than the differential pay but not less. Thus, La.R.S. 17:1202 is a negative limitation on the board's discretion granted in La.R.S. 17:1201 A(2).
We note that the board's arguments with respect to the indefinite termination point of benefits and the inequity regarding non-specialized teachers are of no moment absent allegations and proof of intentional abuse. These are merely results of the application of the statutes. Further, there is no fiscal impact on a school board because the ill teacher merely receives the difference in pay if there is any difference.
With respect to the board's argument that the interpretation of the statute advanced by the appellees amounts to a donation of public funds in violation of La. Const. Art. VII, Sec. 14, we disagree. As appellant points out, there are a number of statutes which provide compensation to teachers during periods in which they are not performing teaching functions. These provisions include Sabbatical Leave (La.R.S. 17:1170 et seq), Personal Leave (La.R.S. 17:1208 et seq) and Jury Duty Leave (La.R.S. 17:1210). We view the legislative grant of differential pay as we view the grant of paid sick leave it is part of the compensation package of state teachers, not a prohibited donation of public funds.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellant's costs in the amount of $611.75.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, Judge, dissenting.
Defendant did not grant plaintiff additional sick leave pursuant to Louisiana Revised Statute 17:1201(A)(2) after she exhausted her accumulated sick leave. Said statute gave defendant the discretion to deny such leave, and when it did, it was not obligated to pay plaintiff the differential pay. In my opinion, defendant would be liable for the differential pay only if it had granted the additional sick leave.
I respectfully dissent.
NOTES
[1] Mrs. Duet was earning $131.35 per day and the substitute employed by the board earned $98.01 per day. Thus, Mrs. Duet was seeking the difference between the two salaries ($33.34) multiplied by 36 days which totals $1,200.24.