LeBLANC, Judge.
Plaintiff, Jean Dagenhardt, appeals a summary judgment in favor of defendant, Terre-bonne Parish School Board, arguing the trial court erred in finding the school board was not required by La.R.S. 17:1202 to continue paying her salary, minus a deduction for the actual cost of a substitute teacher, despite the fact that she had exhausted her accumulated sick leave and was denied additional sick leave. We affirm.

FACTS

The pertinent facts are not disputed. Jean Dagenhardt is a tenured teacher hired by defendant to teach at Houma Junior High School, pursuant to a contract for the 1990-91 school year. On November 14, 1990, Ms. Dagenhardt’s request for maternity leave under a Board policy allowing a teacher to use accumulated sick leave and extended sick leave, to begin April 2, 1991 and continue until August, 1991, was granted by the Board. However, due to complications from her pregnancy, Ms. Dagenhardt was absent from work from November 17, 1990 through the remainder of the 1990-91 school year.
Ms. Dagenhardt was paid her full salary until February 25, 1991, when her fifty-two and one-half days of accumulated sick leave was exhausted. Thereafter, the Board granted plaintiff extended sick leave, subject to a reduction in salary for the amount paid to a substitute teacher, from February 25, 1991, through March 28, 1991. Ms. Dagen-hardt’s request for additional sick leave was denied at a meeting of the Board held on April 18, 1991. Beginning March 28, 1991, Ms. Dagenhardt was not paid. On May 7, 1991, the Board adopted an across the board policy that no employees would be granted extended sick leave.
Ms. Dagenhardt filed this suit against defendant for declaratory judgment and for damages, claiming the Board’s actions violated the requirements of La.R.S. 17:1201 and 1202. Plaintiff and defendant filed cross-motions for summary judgment, with both parties agreeing that there were no material issues of fact before the court. Following a hearing, the trial court granted the defendant school board’s motion for summary judgment on the grounds that the Isschool board had authority under La.R.S. 17:1201 *1205 A(2) to deny plaintiffs request for extended sick leave. Plaintiff appealed.

ISSUE

The issue presented for review is whether La.R.S. 17:1201 and 17:1202 entitle a school teacher to unlimited sick leave, subject only to a reduction in salary for any actual amount paid to a substitute, or whether a parish school board has discretion to deny extended sick leave to a school teacher and discontinue payment of her salary if she has exhausted her accumulated sick leave.

DISCUSSION

La.R.S. 17:1201 provides, in pertinent part, as follows:
A. (1) Every member of the teaching staff employed by any parish or city school board of this state shall be entitled to and shall be allowed a minimum of ten days absence per school year because of personal illness or because of other emergencies, without loss of pay. Any portion of such sick leave not used in any year shall be accumulated to the credit of the member of the teaching staff without limitation. However, upon initial employment a member of the teaching staff employed by a school board shall not be allowed any such leave in a school year unless and until he reports for duty and actually performs work for the board during that school year at which time the ten days otherwise provided for in this Paragraph shall accrue.
(2) When a member of the teaching staff is absent for six or more consecutive days because of personal illness, he shall be required to present a certificate from a physician certifying such illness.... The parish and city school boards may grant additional sick leave, without loss of pay, or with such reduction of pay as they may establish and fix. (emphasis added)
La.R.S. 17:1202 provides, in pertinent part: Parish and city school boards are prohibited from deducting any amount whatsoever from a teacher’s salary, in case of absence, unless a substitute teacher was employed and actually served, during such teacher’s absence, and only such amount may be deducted as was actually paid to the substitute teacher.... Nothing contained in this Section shall be so construed as to authorize or permit any deduction from the pay of a teacher because of the employment or assignment of a substitute teacher during the minimum leave of absence period, without loss of pay, provided for, established and fixed in R.S. 17:1201. (emphasis added)
On appeal, Ms. Dagenhardt argues La.R.S. 17:1202 mandates school boards to continue paying a teacher’s salary, even after the teacher’s accumulated sick leave is exhausted, subject only to a reduction in salary for the actual cost of a substitute teacher. In effect, Ms. LPagenhardt takes the position that La.R.S. 17:1202 precludes school boards from denying extended sick leave to a teacher. She contends the language in La.R.S. 17:1201 stating that a school board “may grant additional leave, without loss of pay, or with such reductions as [it] may establish and fix”, means that a school board may grant a teacher additional sick leave with full pay or pay exceeding the statutory minimum provided by La.R.S. 17:1202, but may not make any greater reduction in salary than provided therein. According to plaintiff, the discretion granted by La.R.S. 17:1201 is merely the discretion to continue paying “the teacher’s full salary regardless of whether a substitute was hired.”
In opposition, the defendant school board argues that it has no obligation to grant a teacher additional sick leave beyond the mandatory ten days required by La.R.S. 17:1201 A(l) under the permissive language of La. R.S. 17:1201 A(2). Defendant further maintains that, while the limitations of La.R.S. 17:1202 are applicable when a teacher is granted extended sick leave by the school board, they are not applicable when the teacher’s request for extended sick leave has been denied.[1]
*1206 The issue raised by this appeal was previously considered by this Court in Duet v. Lafourche Parish School Board, 625 So.2d 753 (La.App. 1st Cir.1993). As in the present case, the plaintiff in Duet sued the school board after she exhausted her accumulated sick leave and was denied extended sick leave by the school board. The trial court held the school board had no discretion to deny compensation to Ms. Duet because of her absence, without leave, due to illness. This Court affirmed the trial court, interpreting the language of R.S. 17:1201 A(2) and 1202 to mean that:
[T]he board [has] the authority to grant additional fully paid sick leave or a portion thereof with the limitation that in no event can the board deduct more from the salary of a teacher than the amount actually paid to a substitute. That is, the board may choose to pay a teacher more than the differential pay but not less. Thus, La. R.S. 17:1202 is a negative limitation on the board’s discretion granted in La.R.S. 17:1201 A. (2).
|fiIn dissenting from the majority opinion, Judge Shortess gave the following reasons.
Defendant did not grant plaintiff additional sick leave pursuant to Louisiana Revised Statute 17:1201(A)(2) after she exhausted her accumulated sick leave. Said statute gave defendant the discretion to deny such leave, and when it did, it was not obligated to pay plaintiff the differential pay. In my opinion, defendant would be liable for the differential pay only if it had granted the additional sick leave.
Upon further consideration of this issue, we believe we erred in Duet in holding that La.R.S. 17:1202 constitutes a limitation on the school board’s discretion to deny extended sick leave, and now agree with the rationale stated in Judge Shortess’ dissent. We believe a corollary to the permissive language of La.R.S. 17:1201 that school boards “may grant additional sick leave” is that school boards also have discretion to deny extended sick leave. We hold that the provisions of La.R.S. 17:1202 do not apply when a teacher has been denied extended sick leave by the school board.
In reaching a contrary conclusion, the opinion in Duet relied on four cases from the Fourth and Second Circuit. We note initially that two of these cases, Mitchell v. Tillman, 469 So .2d 363 (La.App. 2nd Cir.1985) and Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.), writ refused, 337 So.2d 530 (1976), are clearly distinguish,able from the present case in that the teacher in each of these cases was granted additional sick leave, although the school board attempted to make the leave without pay. As previously noted, defendant recognizes that once a school board grants leave to a teacher, it is bound by the limitations of La.R.S. 17:1202. Thus, the issue in Mitchell and Morial was entirely different than the issue presented in the present case. In one of the other eases, Piper v. Orleans Parish School Board, 552 So.2d 460 (La.App. 4th Cir.1989), writ denied, 556 So.2d 36 (1990), the opinion does not indicate whether or not the teacher was granted additional sick leave.
Gayle v. Porter, 239 So.2d 739 (La.App. 4th Cir.), writ refused, 257 La. 171, 241 So.2d 531 (1970), is the only case relied upon by the majority in Duet in which it is clear that the teacher was not granted additional sick leave.[2] In fact, the teacher in Gayle did not request ^additional leave for the two days that she was absent in excess of her accumulated sick leave. The Gayle court did not consider this fact important because, although the school board personnel handbook gave Gayle the right to request additional leave at full pay or at a rate greater than the differential pay provided by La.R.S. 17:1202, she was not required to do so. Thus, the facts of Gayle differ from the facts in Duet, as well as the present case, since the teacher in Gayle was not denied extended leave, but simply failed to request it. The Fourth Circuit specifically recognized this distinction, stating that “[w]e express no opinion as to *1207 the validity of a rule [in the parish school board personnel handbook] making it discretionary whether to grant or refuse a sick teacher additional leave; see Section 1201....” Gayle, 239 So.2d at 743.
Since each of these cases is distinguishable from the facts in this case and Duet, we conclude the majority’s reliance on these cases in Duet was misplaced. In any event, the First Circuit is not bound to follow cases of other circuits, and even if these cases could be construed to stand for the proposition that school boards do not have discretion to deny extended sick leave, we would decline to follow them based on our interpretation of the statutes in question. Nungesser v. Nungesser, 558 So.2d 695, 700 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (1990). We conclude that the proper interpretation of La. R.S. 17:1201 and 1202 is that R.S. 17:1201 grants school boards the right to deny as well as to grant additional sick leave, and that R.S. 17:1202 is not applicable to situations where additional sick leave has been denied. Accordingly, we overrule Duet v. Lafourche Parish School Board, supra.
For the above reasons, we affirm the summary judgment rendered in favor of defendant, Terrebonne Parish School Board. Appellant is to pay all costs of this appeal.
AFFIRMED.
EDWARDS, J., concurs & assigns reasons.
LOTTINGER, C.J., dissents & assigns written reasons.
FOGG, J., dissents and assigns written reasons.
FOIL, J., dissents for the reason set forth by LOTTINGER, J.
CARTER, J., dissents for the reasons assigned by FOGG, J.

. In conceding that La.R.S. 17:1202 is applicable if the school board grants a teacher's request for extended sick leave, defendant acknowledges *1206 that it does not have discretion to grant additional sick leave without pay.

. We note that another Fourth Circuit case reaches a similar holding, to wit, St. Bernard Educators v. School Bd., 619 So.2d 678 (La.App. 4th Cir.), writ denied, 625 So.2d 171 (1993), but is not cited by the majority in Duet.