691 So.2d 678 (1997)
Malcolm Lee WASCOM, Jr.
v.
Lucy F. WASCOM.
No. 96-CC-0125.
Supreme Court of Louisiana.
April 8, 1997.
*679 John N. Gallaspy, Sondra Arlt Cheek, Bogalusa, for Applicant.
Jill Ellen Leber, Rebecca S. Oser, Covington, for Respondent.

ISSUE
KIMBALL, Justice.[*]
We granted the writ in this case to resolve a split among the circuit courts of appeal on the issue of whether alimony pendente lite may be awarded for any period of time after a final judgment of divorce has been rendered. Finding first, the basis for alimony pendente lite is the codal obligation of mutual support between spouses and that a final judgment of divorce terminates both the marriage and that obligation of mutual support, and second, no statutory authority for such an award, we hold alimony pendente lite may not be awarded for any period of time after a valid judgment of divorce becomes final.

FACTS AND PROCEDURAL HISTORY
Malcolm Lee Wascom, Jr. and Lucy F. Wascom were married December 10, 1977. The marriage produced one child, born in November, 1980. Malcolm and Lucy separated on May 12, 1994, with Malcolm filing a Petition for Divorce, Injunctive Relief and Establishment of Child Support and for other incidental matters on June 4, 1994. On July 6, 1994, Lucy filed an Answer to Malcolm's petition along with a Petition for Rule requesting Malcolm be made to show cause why, inter alia, he should not be ordered to pay Lucy a reasonable sum as alimony pendente lite. The trial court set Lucy's Rule for hearing on August 15, 1994, and on August 18, 1994, the parties settled all incidental issues regarding alimony pendente lite, child support, child custody, and injunctions in a stipulated judgment. In that judgment, the trial court ordered, inter alia, Malcolm to pay Lucy the sum of $650.00 per month in alimony pendente lite, commencing August 15, 1994. On January 4, 1995, Malcolm filed a Rule to Show Cause why divorce should not be granted pursuant to La. C.C. art. 102. A judgment of divorce was subsequently rendered on January 19, 1995. On that same date, Malcolm ceased paying alimony pendente lite to Lucy. As no appeal from the judgment of divorce was taken, it became a final judgment.
On May 22, 1995, Lucy filed a Rule for Permanent Alimony and for an Increase in Child Support. In response, Malcolm filed dilatory exceptions of vagueness and unauthorized use of summary proceedings, and a peremptory exception of no cause of action. In his memorandum in support of these exceptions, Malcolm claimed that as La. C.C. art. 112 requires a judicial determination of freedom from fault before an award of permanent alimony can be made and La.Code Civ.P. art. 2592 contains an exclusive listing of those matters which may be tried by use of summary proceedings, said list not including "fault" in a divorce matter, the rule for permanent alimony could not proceed, as the proper procedural method for determining fault is via ordinary proceedings. After a hearing the trial court sustained the exceptions, dismissing Lucy's Rule for Permanent Alimony and ordering Lucy to file a motion to appear before the court's hearing officer before the Rule for an Increase in Child Support would be heard.
On August 28, 1995, Malcolm filed a Petition seeking a judicial determination that he was free from fault. On September 8, 1995, Lucy filed a Notice of Intention to Apply for Supervisory Writs in the trial court, along with a motion and an Order requesting the trial court fix a reasonable time for her application to be filed in the court of appeal. On September 11, 1995, the trial court ordered Lucy to file her writ application from the trial court's granting of Malcolm's exceptions to her Rule for Permanent Alimony by September 20, 1995. Lucy, on September 14, 1995, then filed an Answer and Reconventional Demand in response to Malcolm's petition for fault determination, wherein she denied Malcolm was free from fault and asserted *680 in her reconventional demand her own freedom from fault and her necessitous circumstances. Lucy thereafter timely filed her writ application in the court of appeal, requesting Malcolm's exceptions be overruled, her Rule for Permanent Alimony be reinstated, and further requesting the court of appeal order alimony pendente lite reinstated retroactively to the date Malcolm ceased paying it, January 19, 1995, the date the trial court rendered the judgment of divorce.
On December 14, 1995, the court of appeal granted Lucy's writ, thereby reversing the trial court's judgment sustaining Malcolm's exceptions and reinstating Lucy's Rule for Permanent Alimony. In doing so, the court of appeal also addressed Lucy's request for retroactive reinstatement of alimony pendente lite, stating that since there was no action in the writ application indicating the trial judge had ever terminated alimony pendente lite, there was nothing for the court of appeal to review. Wascom v. Wascom, 95-1933 (La.App. 1st Cir. 12/14/95). Citing Nungesser v. Nungesser, 558 So.2d 695 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990), the court of appeal then stated "alimony pendente lite continues until the time the issue of fault becomes definitive," and "because the issue of fault has not yet been determined, the obligation to pay alimony pendente lite never terminated." Wascom, supra. Malcolm timely filed an application for writ in this court on January 12, 1996. We then granted the writ to resolve a split among the courts of appeal on the issue of whether alimony pendente lite may be awarded for any period of time after a final judgment of divorce. Wascom v. Wascom, 96-0125 (La.11/01/96), 681 So.2d 1253.[1]

LAW AND DISCUSSION
La. C.C. art. 111, "Alimony pendente lite," states:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse. (Emphasis added).
"In one form or another, this article has been in our Code since its inception." Cassidy v. Cassidy, 477 So.2d 84, 85 (La.1985)(describing La. C.C. art. 148, which was amended to delete reference to suit "for separation from bed and board" by 1990 La. Acts 361, § 1, and redesignated as amended as La. C.C. art. 111 on authority of 1990 La. Acts 1009, § 10). In examining the nature and purpose of former La. C.C. art. 148, the predecessor article to present Article 111, this court stated:
Literally, alimony pendente lite means alimony pending the litigation....
Alimony pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage, as set out in C.C. 119 and 120. It does not depend on the merits of the suit for separation and divorce, or upon the actual or prospective outcome of the suit. As such, this support does not terminate until a final divorce. In this sense, `final divorce' properly must be understood as a definitive judgment of divorce.
Cassidy, 477 So.2d at 85 (citations omitted). Though the referenced Article 120 has since been repealed, former Article 119 has been reproduced almost verbatim in present Article 98. See Revision Comment1987 to La. C.C. art. 98("(a) This Article reproduces the source provision, Civil Code Article 119 (1870), almost verbatim. It does not change the law."). Furthermore, though the specific application of the precepts contained in present *681 La. C.C. art. 98 has, over time, been altered to reflect modern norms, i.e., the equality under the law of husband and wife, the fundamental nature and purpose of alimony pendente lite has remained the same in the Civil Law since the time of Planiol. See Planiol, Traite Elementaire De Droit Civil, vol. 1, nos. 892, 904, 1247-49, 1255, and 1259. It is, as described above, and always has been, based upon the duty of mutual support owed between married persons during the pendency of their marriage. See, e.g., McAlpine v. McAlpine, 94-1594, p.9 (La.9/05/96), 679 So.2d 85, 90 (On Rehearing) ("Thus, alimony pendente lite is based on the statutorily imposed duty of the spouses to support each other during marriage.... On the other hand, there is no corresponding statutory duty of support mandating permanent alimony between former spouses."); Holliday v. Holliday, 358 So.2d 618 (La.1978); Player v. Player, 162 La. 229, 110 So. 332 (1926); Planiol, supra.
Divorce terminates marriage. La. C.C. art. 101. As such, a final judgment of divorce also terminates the mutual obligation of support owed by persons married to one another. McAlpine, 94-1594 at 9, 679 So.2d at 90; Planiol, supra. Once the marriage terminates the permanent alimony provisions of La. C.C. art. 112 become applicable. Permanent alimony, however, is based on entirely different concepts. Id.; Player, 162 La. at 230, 110 So. at 333 (characterizing permanent alimony as "a pension, to the unfortunate spouse who obtained the divorce...."). As Planiol stated:
Divorce having destroyed the marriage, no effects of it should continue. Upon what idea is founded persistence of the obligation of support between two persons who have nothing in common? Its basis is found in a principle already mentioned more than once. Whatever act of man causes damage to another obligates him by whose fault it happened to repair it, says Art. 1382. As long as the marriage lasted it gave each of the spouses an acquired position upon which each could count. The community of life permitted the spouse without means to share the welfare of the other. Suddenly through no fault of the spouse in question, he or she finds himself or herself devoid of resources and plunged into poverty. It is manifestly in such a case as this that the guilty party should be made to bear the consequences of his wrongful acts.
It is thus seen that the responsibility for [permanent] alimony is based upon a concept entirely foreign to Art. 212 [Art. 212 of the Code Napoleon contained the reciprocal duties of the spouses of fidelity, help and assistance during marriage. See present La. C.C. art. 98.]. It is no longer a duty due by a spouse to a spouse because there are no longer any spouses. The duty is to make pecuniary amends for the consequences of an illicit act. This obligation subsisting after divorce partakes, in the highest degree, of the nature of an indemnity. It is intended to restore to the spouse without means something of the resources of which he or she is thenceforth deprived through the other's fault.
Planiol, supra, at no. 1295 (citations omitted).
Despite these clear-cut and longstanding distinctions between the concepts of alimony pendente lite and permanent alimony, our decision in Cassidy, supra, combined five years later with the legislature's nearcomprehensive revision of Louisiana's law on separation and divorce, has resulted in an inconsistent post-Cassidy body of court of appeal case law on the issue of whether alimony pendente lite may be awarded for any period of time after a final judgment of divorce has been rendered. In this regard, the first, second, and third circuit courts of appeal have held alimony pendente lite does not terminate upon the rendering of a judgment of divorce where the issue of fault either has not been determined or is pending on appeal at the time of the rendering of the divorce judgment. See, e.g., Wilson v. Brittain, 640 So.2d 261 (La.App. 1st Cir.1993); Nungesser v. Nungesser, 558 So.2d 695 (La. App. 1st Cir.), writ denied, 560 So.2d 30 (La.1990); Unkel v. Unkel, 26-650 (La.App. 2nd Cir. 3/01/95), 651 So.2d 382; Miguez v. Miguez, 604 So.2d 1056 (La.App. 2nd Cir.), writ denied, 608 So.2d 194 (La.1992); Nugent v. Nugent, 533 So.2d 1370 (La.App. 3rd Cir.1988). In contrast, the fourth and fifth circuit courts of appeal have held a final *682 judgment of divorce terminates the obligation to pay alimony pendente lite. See, e.g., Lacoste v. Lacoste, 95-2122 (La.App. 4th Cir. 11/30/95), 665 So.2d 1229, writ granted, 95-3116 (La.2/16/96), 667 So.2d 1036, writ dismissed, 95-3116 (La.7/03/96), ___ So.2d ___ (La.7/03/96); Wheelahan v. Wheelahan, 93-1964 (La.App. 4th Cir. 10/27/94), 644 So.2d 1125, writ denied, 94-2896 (La.2/17/95), 650 So.2d 252; Williams v. Williams, 541 So.2d 928 (La.App. 5th Cir.), writ denied, 544 So.2d 384 (La.1989).
In Cassidy, supra, this court unfortunately set the stage for the courts of appeals' conflicting resolutions of this issue by first stating "[t]he single question before this court is should alimony pendente lite continue after a judgment of divorce but during an appeal of the judgment ...," Cassidy, 477 So.2d at 85, then answering that question by stating "[t]he litigation between the Cassidys was still pending; as long as suit was pending Mr. Cassidy should have continued paying Mrs. Cassidy alimony pendente lite until death or a definitive resolution of the divorce litigation." Id. at 86 (emphasis added). Some courts of appeal, focusing on our statement in Cassidy that the "judgment" was appealed, have reasoned that as the judgment of divorce itself was appealed the obligation of alimony pendente lite continued because there was no final judgment of divorce. In contrast, other courts of appeal, focusing on the latter statement, have reasoned that as only the fault issue was actually contested in Cassidy, not the judgment of divorce, the obligation of alimony pendente lite survived the rendition of a divorce judgment until the issue of either permanent alimony or its subsidiary issue of fault was determined.
Adding to this confusion is the legislature's near-comprehensive revision of Louisiana's law on separation and divorce in 1990. We have referred herein to the legislature's revision as a "near-comprehensive" revision because, though the Louisiana State Law Institute ("Law Institute"), at the behest of the legislature, presented the legislature with a comprehensive revision of Louisiana's law on separation and divorce, the legislature chose not to enact several provisions of what was designed to be a comprehensive system. More specifically, though the legislature ultimately enacted seven of the eight separate bills comprising the Law Institute package revising the law of divorce and its incidental proceedings, the legislature elected not to enact the Law Institute's revision of the law of spousal support. See Rigby and Spaht, Louisiana's New Divorce Legislation: Background and Commentary, 54 La.L.Rev. 19, 39-40 (1993). This, in turn, has spawned the substantial number of post-revision cases involving the issue of entitlement to alimony pendente lite after a judgment of divorce for, while the legislature altered the rules for obtaining a divorce, making it possible for either spouse to obtain a divorce 180 days after service of a petition, the legislature failed to provide any statutory authorization for support of a spouse where fault has not been determined at the time of the rendering of the divorce judgment:
The ability to obtain a divorce judgment by rule to show cause 180 days after service of a petition created the possibility of termination of alimony pendente lite with the judgment of divorce before a hearing could be held on the rule to determine permanent periodic alimony. The judiciary faced the unpleasant choice upon divorce of terminating support to a needy and "worthy" spouse (one who would be awarded permanent alimony) or extending alimony pendente lite until a hearing on the rule to set permanent alimony, unauthorized by the legislation as interpreted by the jurisprudence. The proposed Law Institute revision of the spousal support law eliminated the dilemma by permitting the award of an "interim allowance" (virtually identical to alimony pendente lite) only when a claim for final, periodic support was pending, which could occur at any time after the petition for divorce was filed. The interim allowance did not terminate upon divorce, but upon a judicial determination of whether to grant or to deny the request for final, periodic support.
Rigby and Spaht, supra, at 39 (notes omitted).
In our view, our conflicting statements in Cassidy, supra, combined with the advent of *683 the dilemma succinctly described by Rigby and Spaht, supra, have led to the present confusion in the case law of the courts of appeal. However, neither our previous conflicting statements in Cassidy, supra, or the advent of the dilemma described above by the near-comprehensive revision of Louisiana's law on separation and divorce can change the fundamental nature of alimony pendente lite. Alimony pendente lite, based on the codal obligation of mutual support between married persons, may not be awarded for any period after the rendition of a final judgment of divorce because the divorce terminates the marriage and, along with it, the obligation of mutual support underlying the concept of alimony pendente lite. Courts, however well-meaning, cannot create a solution the legislature specifically declined to endorse.

CONCLUSION
Because alimony pendente lite is based on the codal obligation of mutual support between married persons, and that obligation terminates at the time of the termination of the marriage through divorce, alimony pendente lite may not be awarded for any period of time after the rendition of a final judgment of divorce. As a final judgment of divorce was rendered in the instant case, terminating the marriage between Malcolm and Lucy, the court of appeal's determination that Malcolm's obligation to pay alimony pendente lite did not cease upon the rendition of the final judgment of divorce is reversed.

DECREE
AFFIRMED IN PART; REVERSED IN PART.
LEMMON, J., concurs and assigns reasons
LEMMON, Justice, concurring.
Because a demand for permanent alimony can be heard in a summary proceeding (as properly held by the court of appeal in this case), there should be only a short period of time between the judgment of divorce and the hearing by summary proceeding on the demand for permanent alimony. If the requesting spouse's attorney makes a request for permanent alimony immediately after the judgment of divorce and the trial judge schedules a hearing by summary proceeding as required by law, the gap between the termination of alimony pendente lite and the commencement of permanent alimony (which under La.Rev.Stat. 9:310 may be retroactive to the filing of the rule) should be brief.
Moreover, while permanent alimony cannot be awarded until there is a judgment of divorce, nothing in the Code requires that a judgment of divorce be rendered before the receiving spouse may file a request permanent alimony. In my view, the Code provisions can be read together to allow the requesting spouse to file a rule for permanent alimony under La. Civ.Code art. 105 at least as soon as the other spouse files a rule for divorce under La. Civ.Code art. 102. This will allow the trial judge to fix the hearing on permanent alimony at the same time as the "hearing on the divorce." Under such a procedure, there would be no lapse of time between the termination of alimony pendente lite and the commencement of permanent alimony.
NOTES
[*] Calogero, C.J., not on panel. Rule IV, Part 2, Section 3.
[1] In his application in this court Malcolm also assigned as error the court of appeal's determination that La.Code Civ.P. art. 2592(8) authorizes the use of summary proceedings to determine support for a spouse such that Lucy's Rule for Permanent Alimony, filed after the trial court had rendered a final judgment of divorce, was a proper procedural vehicle for the determination of entitlement to permanent alimony. Finding no error in the court of appeal's decision, we granted Malcolm's writ only to determine the legal issue of entitlement to alimony pendente lite. We therefore affirm the court of appeal's decision insofar as it reversed the trial court's granting of Malcolm's exceptions and reinstated Lucy's Rule for Permanent Alimony and pretermit discussion of this assignment of error.