IzCANNELLA, Judge.
Defendant, Flora Taconi Simons, appeals from a judgment of divorce rendered in favor of plaintiff, her husband, Russell Simons. For the reasons which follow, we affirm.
On August 2, 1991, plaintiff filed a petition for divorce under La. C.C. art. 102 which provides:
A divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that one hundred eighty days have elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least one hundred eighty days prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.
On July 12, 1993, plaintiff filed a rule to obtain the divorce. The hearing was set for September 2, 1993 at 9:00 a.m. Defendant states in her appellate |3brief that the hearing on the divorce was continued while the parties negotiated their community property settlement. While this may have happened, it does not appear of record. The record only indicates that the hearing was continued without date. Thereafter, it was continued without date on several occasions. Then, on April 29, 1994, plaintiff filed a Motion To Set For Trial On The Merits. The hearing was again set, this time for July 11, 1994 at 9:00 a.m. The matter was again continued without date. On October 19, 1995, plaintiff filed another rule for divorce. The hearing was set for October 24, 1995 and was again continued without date. On April 12,1996 plain *1000 tiff filed an Ex Parte Motion To Dismiss his petition for divorce since he felt that his ease had been abandoned under La. C.C.P. art. 8954, which provides:
A. A divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.
B. This provision shall be operative without formal order, but on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of abandonment.
The trial court signed the motion to dismiss on April 12, 1996. However, six days later on April 18, 1996, when the case was called on some incidental matters, the trial court vacated the April 12, 1996 order which had dismissed the case. On May 16, 1996, defendant filed a Motion For Rehearing, which was denied on May 20, 1996.[1] On June 4, 1996, plaintiff filed another Motion To Reset Hearing On Rule To Obtain A Divorce. The hearing was set for June 5, 1996 at 10:00 a.m. and the case was continued until June 17, 1996. On June 17, 1996, the matter was heard and the divorce was granted under La. C.C. art. 102. It is from this judgment that defendant now appeals.
UDefendant argues on appeal that the divorce is null and void because under La. C.C.P. art. 8954 plaintiffs case was abandoned. As quoted above, La. C.C.P. art. 3954 provides special abandonment provisions in the case of a petition for divorce under La. C.C. art. 102. To put it simply, it provides that the rule to show cause must be filed within two years of the service of the original petition.
Defendant concedes that the first rule to show cause was filed within two years of the service of the original petition. However, she argues that since the matter was allowed to lay dormant for over two more years, the matter should be considered abandoned under the intent of La. C.C.P. art. 3954. In other words, defendant argues that even though plaintiff filed the initial rule to show cause timely, it does not suffice to validate a divorce obtained two years and eleven months after the rule was filed. We disagree.
La. C.C.P. art. 561 provides generally that an action will be considered abandoned when the parties fail to take any steps in its prosecution or defense for a period of five years. As quoted above, La. C.C.P. art. 3954 provides a shortened time period of two years for the abandonment of an action for divorce under La. C.C. art. 102. However, the article limits its application to instances in which “the rule to show cause ... is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.”
In the instant case, the record reveals that plaintiff did in fact file his rule to show cause within the two year period. Thereafter, the matter was continued several times but there is no indication in the record of why or by whom it was continued. Further, the record indicates that there was no two year period of inaction in the case. The first rule for the divorce was July 12, 1993. A motion to set the matter for trial was filed on April 28, 1994. The final rule for the divorce was filed October 19, 1995. La. C.C.P. art. 3954 does not require that the divorce be obtained within two years from the date of service of the petition, as it 15could have. Rather, the statute only requires that the rule to show cause be filed within the two year period of service of the original petition, which was done in this case. We cannot read stricter requirements into the statute than were provided by the legislature. Therefore, we find no merit in defendant’s argument on appeal, that the judgment of divorce is null because it was rendered two years and eleven months after the filing of the first rule to show cause.
Defendant also argues in her brief that the trial court’s April 18, 1986 action, vacating the ex parte dismissal ruling of April 12, 1986, was erroneous and therefore, the divorce resulting therefrom is invalid. We disagree.
*1001 On April 18, 1986 when the ease was called on some incidental matters the trial court vacated the April 12,1986 dismissal judgment of dismissal. The trial court took this action after noting that, upon further review of the record in the case, the dismissal ruling of April 12th was erroneous. La. C.C. P. art. 1971 authorizes the trial court to grant a new trial on its own motion. The court may do so without contradictory hearing where the grounds therefore appear of record. McCrea v. Mobil Oil Corp, 95-0537 (La.App. 4th Cir. 9/28/95), 662 So.2d 143; Lynch v. Lynch, 422 So.2d 703 (La.App. 3rd Cir.1982); Borras v. Falgoust, 285 So.2d 583 (La.App. 4th Cir.1973). The trial court acted within the time delays for requesting a new trial. Accordingly, we find no error in the trial court ruling of April 18th, essentially granting a new trial by vacating its earlier order of dismissal and reinstating the divorce proceedings. Furthermore, following the grant of a new trial, which sets aside and vacates the original judgment, and the rendition of a second judgment, the appellate court may only review the second judgment for error. Wilson v. Compass Dockside, Inc., 93-1860 (La.App. 4th Cir. 3/15/94), 635 So.2d 1171.
Accordingly, for the reasons stated above, the trial court judgment granting plaintiff a divorce from defendant is affirmed. Costs of appeal are assessed against defendant.

AFFIRMED.

. We note that the “Motion for Rehearing”, which we construe to be a motion for new trial, was not timely filed, and defendant did not appeal the April 18, 1996 judgment which vacated the ruling which dismissed the divorce petition.