GASKINS, Judge.
Michael Charles Watts appeals a trial court judgment awarding his former wife, Mariam Ann Sansalone Watts, a continuation of alimony pendente lite after their divorce. We reverse.
In May 1996, Mrs. Watts filed for divorce and requested alimony pendente lite. At a hearing on June 27, 1996, the trial court granted alimony pendente lite of $600 per month, effective May 9,1996. Judgment was signed August 19,1996.
On January 2, 1997, Mr. Watts filed a motion for judgment of divorce, which was set for a rule to show cause on January 23, 1997. On January 22, 1997, Mrs. Watts filed a motion for post-divorce alimony; the trial court set this motion for hearing on March 20, 1997. On January 23, 1997, the trial court granted the divorce. However, the judgment signed that day also directed that “the provisions of that Judgment on Rule herein signed August 19, 1996, shall remain in full force and effect.”
In Wascom v. Wascom, 96-0125 (La.4/8/97), 691 So.2d 678, the Louisiana Supreme Court ruled that alimony pendente lite may not continue for any period of time after the rendering of the final judgment of divorce. The court reasoned that, since alimony pendente lite is predicated on the codal obligation of mutual support between married persons, it may not continue after the divorce has terminated the marriage and the resulting obligation of mutual support. Applying this rationale to the present case, we reverse the portion of the trial court judgment continuing the award of alimony pen-dente lite after the granting of the Watts’ divorce.
REVERSED.