737 So.2d 812 (1999)
Anthony Joseph WELDON, Plaintiff-Appellant,
v.
Shirley Ann WELDON, Defendant-Appellee.
No. 98-1173
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
*813 Henry R. Liles, Lake Charles, William Mitchell Redd, for Anthony Joseph Weldon.
Lydia Ann Guillory-Lee, Lake Charles, for Shirley Ann Weldon.
Before: THIBODEAUX, AMY, and SULLIVAN, Judges.
THIBODEAUX, Judge.
Anthony Joseph Weldon appeals a judgment of the trial court ordering him to pay $16,400.00 in arrearages of alimony pendente lite and $500.00 in attorney fees. For the reasons which follow, we affirm the judgment of the trial court.

I.

ISSUES
We shall consider:
1. whether Mr. Weldon owes alimony pendente lite even though Mrs. Weldon's petition for divorce was abandoned;
2. whether the trial court erred in determining that Mrs. Weldon's petition for divorce was not abandoned in October of 1995;
3. whether the trial court erred in calculating the amount of arrearages;
4. whether the trial court erred in finding there was no oral agreement between the parties relieving Mr. *814 Weldon of his alimony obligation; and,
5. whether the trial court erred in awarding attorney fees to Mrs. Weldon.

II.

FACTS
On October 6, 1989, Shirley Weldon filed a petition for divorce against Anthony Weldon. By judgment on rule filed on January 10, 1990, Mr. Weldon was ordered to pay $955.00 per month in child support and $400.00 per month in alimony pendente lite. Subsequently, Mrs. Weldon filed a supplemental petition seeking a final divorce, and Mr. Weldon filed an answer. The matter was continued by Mrs. Weldon on several occasions.
On November 16, 1990, the State of Louisiana intervened in the suit by filing a motion to amend existing orders and rule to show cause against Mr. Weldon. The State alleged that Mr. Weldon was in arrears of $2,466.50 in child support. However, the petition was never heard, and the State filed a motion to withdraw in February of 1991.
On May 2, 1992, the State filed another motion to amend existing orders and rule to show cause against Mr. Weldon. The State's pleading concerned only the payment of child support. A consent judgment was signed by the parties on July 8, 1992. On May 1, 1996, a judgment of divorce was granted pursuant to a petition filed by Mr. Weldon seeking an immediate divorce under La.Civ.Code art. 103. On December 8, 1997, the State requested that the action commenced by Mrs. Weldon be consolidated with the action commenced by Mr. Weldon as issues of child support remained.
On December 16, 1997, Mrs. Weldon filed a petition alleging that Mr. Weldon was in arrears of alimony pendente lite in the amount of $16,400.00. Mr. Weldon requested that Mrs. Weldon's petition for divorce filed in 1989 be dismissed on the ground that it was abandoned pursuant to La.Code Civ.P. art. 561. The trial court dismissed Mrs. Weldon's petition for divorce, and ordered Mr. Weldon to pay $16,400.00 in alimony pendente lite arrearages. Mr. Weldon appeals this judgment.

III.

LAW AND DISCUSSION

Alimony Pendente Lite
Mr. Weldon alleges that as Mrs. Weldon's petition for divorce was dismissed for abandonment in 1998, there can be no obligation to pay alimony pendente lite based on that petition. In 1989, Mrs. Weldon filed a petition for divorce, and on January 10, 1990, a judgment was rendered ordering Mr. Weldon to pay alimony pendente lite in the amount of $400.00 per month. The parties were divorced on May 1, 1996 pursuant to a petition filed by Mr. Weldon. Mr. Weldon asserts that the effect of the dismissal of Mrs. Weldon's petition is that it restored matters to the status occupied by the parties before the suit was instituted. Thus, Mr. Weldon explains that he has no obligation to pay arrearages of alimony pendente lite, despite the 1990 judgment ordering him to pay alimony.
Mrs. Weldon contends that the January 10, 1990 judgment ordering Mr. Weldon to pay alimony pendente lite created a vested property right on her behalf for the period of January 1990 to May 1, 1996, the date of the divorce. The March 3, 1998 dismissal of her divorce petition had no effect on the validity of the 1990 judgment.
The trial court rejected Mr. Weldon's argument and ordered him to pay $16,400.00 in arrearages of alimony pendente lite for the period of December 1992 to May 1, 1996. We agree with the trial court's decision. Once alimony payments accrue, they become a vested property right that cannot be disturbed until altered *815 or amended by subsequent judgment or terminated by operation of law.
In Shewbridge v. Shewbridge, 28,981 (La.App. 2 Cir. 12/11/96); 685 So.2d 418, writ denied, 97-0129 (La.3/7/97); 690 So.2d 20, the court considered a similar case. In Shewbridge, the wife filed a petition for divorce pursuant to La.Civ.Code art. 102 on December 22, 1993 and requested alimony pendente lite. A judgment granting alimony was filed on January 21, 1994. No further action was taken by the wife until February of 1996, when the wife filed a rule to accrue past due alimony pendente lite. The husband sought dismissal of the divorce petition based upon abandonment pursuant to La. Code Civ.P. art. 3954, and argued that as the divorce petition was abandoned, the wife's entire claim for past due alimony must fail. Rejecting this argument, the court explained:
Once alimony pendente lite payments accrue, they become a vested property right. Regardless of the equity involved in reducing or forgiving past-due alimony, such a vested right cannot be disturbed until altered or amended by subsequent judgment or terminated by operation of law.... Beverly's right to alimony pendente lite began with the January 21, 1994 judgment ... [and] continued during the two-year pendency of the divorce action, that is, from service of the original petition until deemed abandoned by the operative provisions of La. C.C.P. Art. 3954.
Shewbridge, 685 So.2d at 420 (citations omitted); see also Mertens v. Mertens, 308 So.2d 506 (La.App. 3 Cir.), writ denied, 313 So.2d 240 (La.1975) (stating that once alimony accrues under a judgment awarding alimony, alimony payments cannot be changed until the judgment is altered by a subsequent judgment or terminated by operation of law); Hackett v. Hackett, 617 So.2d 1239 (La.App. 3 Cir.1993) (recognizing that past due alimony is a property right).
In this case, Mrs. Weldon's right to alimony pendente lite arose from the January 10, 1990 judgment ordering Mr. Weldon to make such payments. This right continued during the pendency of the divorce action until May 1, 1996, the date of the divorce. However, Mrs. Weldon filed suit against Mr. Weldon for alimony arrearages on December 11, 1997. Thus, as recognized by the trial court, she may only be awarded arrearages from December 11, 1992 because the five year prescriptive period provided in La.Civ.Code art. 3497.1 is applicable.[1]
Moreover, we note that this case is factually distinguishable from Shewbridge as we find that Mr. Weldon's alimony obligation terminated on the date the divorce was granted, not the date Mrs. Weldon's divorce petition was abandoned. The trial court in this case granted a divorce pursuant to a petition filed by Mr. Weldon before Mrs. Weldon's petition was abandoned. This earlier date is determinative as it is well-settled that the general rule regarding the termination of alimony pendente lite is that a spouse's right to alimony pendente lite does not continue after a judgment of divorce has been granted. Wascom v. Wascom, 96-0125 (La.4/8/97); 691 So.2d 678. Thus, the trial court did not err in finding that Mr. Weldon's alimony obligation arising from the January 1990 judgment terminated on May 1, 1996, the date of the divorce.

The Abandonment of Mrs. Weldon's Petition
Mr. Weldon alleges that the trial court erred in determining that Mrs. Weldon's petition was not abandoned in October of 1995. At the time of the action, La.Code Civ.P. art. 561 provided that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five *816 years...." Mr. Weldon contends that the last action taken in the suit instituted by Mrs. Weldon was the filing of a motion to continue by Mrs. Weldon on October 29, 1990. Thus, Mr. Weldon argues that the action was abandoned in October of 1995, and his alimony obligation terminated on that date.
The trial court found that the signing of a consent judgment on July 8, 1992 constituted a step in the prosecution or defense of the action instituted by Mrs. Weldon. As noted previously, the consent judgment was signed after the State intervened in the suit by filing a motion to amend existing orders and rule to show cause against Mr. Weldon. This pleading addressed the payment of child support, not alimony pendente lite. Mr. Weldon contends that the consent judgment which was signed as a result of the State's intervention cannot be considered a step in the prosecution of the action for the purpose of La.Code Civ.P. art. 561. He argues that the only action which would satisfy Article 561 would be an action by either party to set the matter for trial for final divorce.
We find that the trial court did not err in holding that the State's intervention constituted a step in the prosecution of Mrs. Weldon's action. A party takes a step in the prosecution or defense of a suit when he takes formal action intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). A liberal interpretation is required of La. Code Civ.P. art. 561. Carraway v. City of Alexandria, 96-1629 (La.App. 3 Cir. 4/30/97); 693 So.2d 314. In Home Indemnity Co. v. Central Louisiana Electric Co., 384 So.2d 455 (La.App. 3 Cir.), writ denied, 392 So.2d 664 (La.1980), we held that the filing of an intervention by a third party constituted a formal action which interrupted the five year prescriptive period as to the original party's suit. In that case, the workers' compensation insurer of an injured employee's company brought action against the company whose negligence was allegedly the cause of the employee's injuries. During the fifth year after the suit was initially filed, another company sought to intervene in the suit seeking indemnity or contribution from the plaintiff. We held that the intervention by the third party constituted a step in the prosecution or defense of the action, thus preventing a dismissal of the action pursuant to La.Code Civ.P. art. 561. See also Barber v. Bozeman, 577 So.2d 180 (La.App. 1 Cir.1991) (finding that a petition for intervention filed by a workers' compensation insurer in the claimant's civil action against the tortfeasor was a step in the prosecution or defense of the claimant's civil action).
Likewise, in this case, the intervention by the State in May of 1992 in the action instituted by Mrs. Weldon constituted a step in the prosecution or defense of Mrs. Weldon's suit. We reject Mr. Weldon's argument that the State's intervention does not constitute a step in the prosecution of the action because the State intervened on the issue of child support, not alimony. Article 561 requires that a step be taken in the prosecution or defense of the action; it does not require that a party take a step in the prosecution or defense of each claim that comprises the lawsuit. The State's action interrupted the five year prescriptive period set forth in La.Code Civ.P. art. 561. Thus, the trial court did not err in rejecting Mr. Weldon's contention that Mrs. Weldon's action was abandoned in 1995.

The Amount of Arrearages Owed by Mr. Weldon
Mr. Weldon alleges that the trial court erred in calculating the amount of arrearages owed for the period from December 11, 1992 through May 1, 1996. The trial court's judgment orders Mr. Weldon to pay $16,400.00 in arrearages. However, Mr. Weldon contends that the proper amount is $16,270.80. He explains that the time period in question consists of 40 months, plus 21 days in December 1992, *817 which should be prorated to equal .677 months.
We find that the trial court did not err in calculating the amount of arrearages owed by Mr. Weldon. The January 1990 judgment orders Mr. Weldon to pay $400.00 per month in alimony pendente lite. We reject Mr. Weldon's contention that the amount he owes for December 1992 should be prorated. We note that in its reasons for judgment, the trial court incorrectly stated that the amount owed by Mr. Weldon is $16,800.00. This error does not affect the enforceability of the judgment of the trial court, which properly orders Mr. Weldon to pay $16,400.00 in arrearages of alimony pendente lite. An appeal is from the judgment itself, not from the reasons for judgment. Wade v. Wade, 25,942 (La.App. 2 Cir. 8/17/94); 641 So.2d 989.

The Existence of an Oral Agreement
Mr. Weldon contends that the trial court was manifestly erroneous in finding there was no oral agreement between the parties whereby Mrs. Weldon waived her right to alimony pendente lite. Mr. Weldon testified at trial that Mrs. Weldon agreed that he would not have to satisfy his alimony obligation. He argues that Mrs. Weldon's inaction and failure to demand alimony payments reflect that such an agreement was made. Mrs. Weldon asserts that she never agreed to waive her right to alimony.
Upon review of the record, we find that the trial court was not manifestly erroneous in rejecting Mr. Weldon's contention that there was an oral agreement between the parties relieving Mr. Weldon of his alimony obligation. The only proof that such an agreement existed is Mr. Weldon's testimony at trial and Mrs. Weldon's inaction in seeking the alimony payments. It is well-settled that a spouse's "right to receive alimony is not waived by failure to make periodic demands" upon the other spouse. McDonald v. McDonald, 520 So.2d 1114, 1115 (La.App. 3 Cir.1987) (citing Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (La.1954)). Thus, as Mrs. Weldon did not have a duty to make a periodic demand upon Mr. Weldon to keep the alimony judgment enforceable, her inaction cannot be interpreted as a waiver of alimony. Moreover, the trial court was not clearly wrong in finding that Mrs. Weldon was the more credible witness. Where there is a conflict in the testimony, "reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review" even though the appellate court may feel that its own evaluations and inferences are reasonable. Stobart v. State, Through DOTD, 617 So.2d 880, 882 (La.1993). The trial court's finding that Mr. Weldon failed to establish the existence of an oral agreement is reasonably supported by the record and reflects a reasonable evaluation of Mr. Weldon's credibility.

Attorney Fees
Mr. Weldon contends that the trial court erred in awarding Mrs. Weldon $500.00 in attorney fees. La.R.S. 9:375 provides:
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award ... it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
Mr. Weldon argues that he had good cause for failing to satisfy his alimony obligation because Mrs. Weldon did not make a demand for the payments before instituting the present action. This argument is without merit. Mr. Weldon had a duty to comply with the 1990 judgment ordering him to pay $400.00 per month in alimony pendente lite. As already noted, Mrs. Weldon's failure to make a demand for the payments prior to bringing this action has no effect on the enforceability of the judgment, nor does it constitute good cause for Mr. Weldon's failure to satisfy his alimony obligation.

*818 IV.

CONCLUSION
Based on the foregoing reasons, the judgment of the trial court is affirmed. Anthony Joseph Weldon is cast for all costs of this appeal.
AFFIRMED.
NOTES
[1] La.Civ.Code art. 3497.1 provides: "An action to make executory arrearages of spousal support ... is subject to a liberative prescription of five years."