849 So.2d 707 (2003)
Lori Williams BICKHAM
v.
Ewell Dewitt BICKHAM.
No. 2002 CA 1307.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*708 Brenda Braud, Independence, Counsel for Plaintiff/Appellee Lori Williams Bickham.
Charles E. Griffin, II, St. Francisville, Counsel for Defendant/Appellant Ewell Dewitt Bickham.
Before: KUHN, DOWNING and GAIDRY, JJ.
GAIDRY, J.
Defendant, Dr. Ewell Dewitt Bickham, appeals a trial court judgment ordering him to pay plaintiff, Lori Williams Bickham, attorney fees and court costs in connection with past due child support and spousal support, as well as interest on each *709 support payment from the date due; denying his motion to modify a prior judgment to terminate interim spousal support; and denying his motion to strike Mrs. Bickham's judgment debtor rule. For the following reasons, we affirm.
Mrs. Bickham filed a petition for divorce on December 1, 2000, in which she requested both spousal support and child support. On December 18, 2000, the parties entered into an interim stipulation before Judge George H. Ware that Dr. Bickham would pay Mrs. Bickham $1,200 a month in child support, beginning in December 2000. Mrs. Bickham's attorney was to prepare an order to that effect. On December 29, 2000, an interim order submitted by Dr. Bickham's attorney was signed by Judge Ware stating that Dr. Bickham would pay Mrs. Bickham $1,200 by December 25, 2000 and monthly thereafter until a hearing could be held. A subsequent interim order, which was submitted by Mrs. Bickham's attorney on January 10, 2001, was also signed by Judge Ware. This interim order provided that Dr. Bickham would pay Mrs. Bickham $1,200 before Christmas 2000, and on the first of each month thereafter, until a hearing could be held. Judge Ware recused himself from the case on January 10, 2001, apparently after signing the second interim order.
Mrs. Bickham filed a Rule for Contempt on February 16, 2001, alleging that Dr. Bickham was in arrears on February's child support, which she claimed was due on the first of the month, and asking that he be ordered to pay the past due support, plus interest from the date the payment was due, court costs, and attorney fees. A hearing was held before Judge Wilson R. Ramshur, who then declined to hold Dr. Bickham in contempt because he found that it was not clear what the court ordered as to the time when the payments should be made.
On April 16, 2001, a hearing was held on the issues of custody, child support, and spousal support, after which the court ordered Dr. Bickham to pay $2,000 per month as support for the minor children and $2,000 per month as interim spousal support. The increase in child support was effective April 15, 2001. The spousal support ordered was retroactive to December 1, 2000. A judgment to this effect was signed May 14, 2001 by Judge Ramshur.
Mrs. Bickham filed a rule for contempt July 17, 2001, alleging that Dr. Bickham had refused to pay the support ordered in the May 14, 2001 judgment and asking that these past due amounts be made executory. Mrs. Bickham also requested that Dr. Bickham be ordered to pay her court costs and attorney fees. Dr. Bickham filed a rule for divorce and also requested that the prior judgment be modified to grant specific summer visitation and to reduce child support. A hearing was held on these matters on September 10, 2001 before Judge Thomas W. Tanner. A divorce was rendered, and the court ordered that Dr. Bickham continue to pay Mrs. Bickham $2,000 per month in interim spousal support, due on the first of each month, for one hundred and eighty days after the rendition of the judgment of divorce. The court found that defendant had failed to comply with the previous order of the court in that he failed to pay any of the interim spousal support due and failed to pay $50 in past due child support, and the court entered judgment in favor of Mrs. Bickham in the amount of $20,000 for interim spousal support and $50 for child support. The court did not award interest and attorney fees to Mrs. Bickham, and ordered that the parties split court costs equally.
*710 Mrs. Bickham filed a motion for new trial on September 27, 2001, asking that the court grant a new trial and award her interest, attorney fees, and court costs in accordance with La. R.S. 9:375.
Mrs. Bickham also filed a rule for contempt and to make past due support executory. Thereafter she filed a Petition to Examine Judgment Debtor, in which she asserts that she has a judgment in the amount of $20,050, which has been only partially satisfied, and that no suspensive appeal has been taken from the judgment. Dr. Bickham filed a Motion to Dismiss Judgment Debtor Rule, asserting that Mrs. Bickham had already been supplied with all the necessary information in discovery.
A hearing was held before Ad Hoc Judge L.J. Hymel on November 26, 2001, and in a judgment dated December 6, 2001, the court denied Dr. Bickham's motion to dismiss the judgment debtor rule, and granted Mrs. Bickham's judgment debtor rule, after which examination of Dr. Bickham took place in open court. The court found that Dr. Bickham remained $8,000 in arrears on past due spousal support, which had been made executory by the judgment of September 19, 2001. In addition, the court found the defendant to be further in arrears in the amount of $4,000, which amount was then made executory. The court held Dr. Bickham in contempt, and sentenced him to thirty days in the parish prison, which sentence was suspended contingent upon his payment of $4,000 in past due support, plus $1,000 in attorney fees and legal interest on the October and November 2001 spousal support payments from the date each payment was due, plus all costs of court. In another judgment also dated December 6, 2001, the court granted Mrs. Bickham's motion for new trial and modified the September 19, 2001 judgment making past due child and spousal support in the combined total amount of $20,050 executory to include an attorney fee award of $300, judicial interest from the date each support payment was due, and all costs of court.
Dr. Bickham appeals, raising the following assignments of error:
1. The trial court committed manifest error in awarding Mrs. Bickham attorney fees and court costs, as well as judicial interest from the date that each support payment was due, rather than from the date of judicial demand.
2. The trial court committed manifest error in denying Mr. Bickham's motion to modify the trial court ruling of September 19, 2001 to terminate interim spousal support, as there was no hearing to determine need, ability to pay, or the standard of living of the parties during the marriage, as required by La. C.C. art. 113.
3. The trial court committed manifest error in granting the Judgment Debtor Rule and in denying Mr. Bickham's Rule to Show Cause for sanctions against Mrs. Bickham, since the information sought had already been made available to Mrs. Bickham and the Judgment Debtor Rule was filed merely to harass Mr. Bickham.

DISCUSSION

Judicial Interest
Louisiana Code of Civil Procedure Article 1921 provides that "[t]he court shall award interest in the judgment as prayed for or as provided by law." (Emphasis added). Since the word "shall" in La. C.C.P. art.1921 is mandatory, the court lacks discretion to deny interest if *711 interest is prayed for or provided for by law. La. R.S. 1:3. Judicial interest on child support and spousal support is provided for in La. C.C. art.2000:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss ....
Judicial interest on past due child support and spousal support accrues from the date each payment is due, rather than from the date of demand, as alleged by Dr. Bickham. See Miller v. Miller, 321 So.2d 318 (1975); Thompson v. Courville, 372 So.2d 579 (1979); Marshall v. Marshall, 390 So.2d 1365 (1980).
The court was correct in awarding interest to Mrs. Bickham on the past due amounts from the date each was due, and this portion of Dr. Bickham's first assignment of error is without merit.

Attorney Fees and Court Costs
Louisiana Revised Statutes 9:375 provides that when a court renders a judgment making past-due spousal or child support executory, it "shall, except for good cause shown, award attorney fees and costs to the prevailing party."
The basis of Dr. Bickham's argument appears to be that the trial court did not award attorney fees and costs to Mrs. Bickham at the September 10, 2001 hearing because the court found that Dr. Bickham's failure to pay was a result of wording of the judgments and their vagueness. Dr. Bickham states that, until the trial court ruling in May 2001, he was under the mistaken impression that the $1,200 he was paying every month was spousal support and that no child support was owed because the children were living with him half the time. We do not find this argument to be compelling. Dr. Bickham's own attorney told the Judge at the December 18, 2000 hearing that the $1,200 per month payment was to be for child support. Once Dr. Bickham became aware that he was seriously in arrears on spousal support because his prior payments had actually been for child support, he did not bring his spousal support payments up to date because he had a pending motion to modify the September 19, 2001 judgment to terminate interim spousal support.
Dr. Bickham also points out that Judge Tanner, who heard the testimony and declined to award attorney fees and court costs, was in a better position to have made the decision, and Judge Hymel should have deferred to his judgment. This argument is without support in the law. A judge who did not preside at trial can still grant a motion for new trial. Dragon v. Schultz, 97-664, p. 5 (La.App. 5 Cir. 1/14/98), 707 So.2d 1274, 1276.
Mrs. Bickham requested attorney fees and costs in accordance with La. R.S. 9:375 in her rule for contempt. While the court declined to hold Dr. Bickham in contempt, it did render a judgment making the past due amounts executory. As a result, under La. R.S. 9:375 the court must award attorney fees and court costs to Mrs. Bickham, except for good cause shown. It does not appear from the record that Dr. Bickham presented evidence at either the September 10, 2001 hearing or the November 26, 2001 hearing constituting "good cause" for denying attorney fees and costs. A trial court's discretion in ruling on a motion for new trial is great, and its decision will not be disturbed on appeal absent an abuse of that discretion. Davis v. Wal-Mart Stores, Inc., 00-0445, p. 10 (La.11/28/00), 774 So.2d 84, 93, rehearing denied 00-0445 (La.6/1/01), 785 *712 So.2d 819. Based upon the lack of evidence of "good cause" in the record, the trial court did not abuse this great discretion in granting the motion for new trial and awarding attorney fees and costs. This assignment of error is without merit.

Interim Spousal Support
Dr. Bickham claims that the court erred in dismissing his motion to modify that portion of the September 19, 2001 judgment extending interim spousal support for one hundred and eighty days to terminate spousal support since the court failed to hold a hearing in accordance with La. C.C. art. 113 before extending the interim spousal support award.
Louisiana Civil Code article 113 provides:
Upon motion of a party or when a demand for final spousal support is pending, the court may award a party interim spousal support allowance based on the needs of that party, the ability of the other party to pay, and the standard of living of the parties during the marriage, which award of interim spousal support allowance shall terminate upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of judgment of divorce, whichever occurs first. The obligation to pay interim spousal support may extend beyond one hundred eighty days from the rendition of judgment of divorce, but only for good cause shown.
Dr. Bickham's argument that a hearing is required in order for interim spousal support to be extended one hundred eighty days from the rendition of the judgment of divorce is based upon an obvious misinterpretation of Article 113. Interim spousal support terminates not upon the rendition of the judgment of divorce, but upon the rendition of a judgment awarding or denying final spousal support or one hundred eighty days from the rendition of the judgment of divorce, whichever comes first. There was no request for final spousal support here, so Mrs. Bickham's interim spousal support would terminate by operation of law one hundred eighty days from the judgment of divorce. The trial court's order extending interim spousal support one hundred eighty days from the date of the rendition of the judgment of divorce was unnecessary, since the support would not have terminated until then anyway. The "good cause" requirement is for extending interim spousal support beyond one hundred and eighty days from the rendition of the judgment of divorce. Therefore, Dr. Bickham's argument that a hearing was required is without merit.
Nevertheless, in denying Dr. Bickham's motion to modify the trial court ruling of September 19, 2001 because no hearing was held, the court found that the court had heard testimony and considered evidence at the September 2001 proceeding before ordering that interim spousal support would extend one hundred eighty days from the date of divorce.
In fact, the following testimony was presented at the hearing held on September 10, 2001 as to Mrs. Bickham's need for interim spousal support to be extended:
BY MS. BRAUD:
Q. Mrs. Bickham, would you like for the spousal support payment to continue for up to 180 days beyond the date of divorce in accordance with law?
A. Yes, ma'am.
Q. And are you employed at this time?
A. No, ma'am. I'm a full-time mother.
Q. What are the ages of your children?
A. Two and three.
Q. Two and three. Are you planning to go to school or anything?

*713 A. I'm hoping to get back into school, yes, ma'am.
Q. Okay. Thank you. No more questions.
MR. GRIFFIN:
I'd like to be able to cross examine her on that, Your Honor.
THE COURT:
Sure.
BY MR. GRIFFIN:
Q. Mrs. Williams, you have not been employed, you said, since the divorce was filed; is that correct?
A. That's correct.
Q. Okay. There's nothing to keep you from being employed, is it?
A. Just that I've been a full-time mother to the children since they were born.
Q. Okay. Isn't it true that Dr. Bickham is available to have the children because of his work schedulehe only works a 48-hour shift so he's available to have the children?
A. I have no idea what his schedule is.
Q. But before, when y'all were married, he was available, wasn't he,
A. No, sir.
Q. to keep the children?
A. He worked 40 hours a week, plus weekends, plus nights.
Q. And isn't it true that you worked before, before your marriage?
A. I haven't worked since '94, no, sir.
Q. But you're able to be employed?
A. Yes, sir.
Q. Okay. And how old are you?
A. I'm 35.
Q. Okay. And what's your education?
A. I've got approximately two years of college.
Q. Okay.
MR. GRIFFIN:
That's all the questions I have, Your Honor.
After this testimony, the court granted a divorce and extended interim spousal support for one hundred and eighty days past the divorce. Therefore, even assuming that a hearing was required by Article 113, Dr. Bickham received such a hearing.
This assignment of error is without merit.

Judgment Debtor Rule
Louisiana Code of Civil Procedure Article 2451(A) provides for examination of a judgment debtor:
In aid of execution the judgment creditor may examine the judgment debtor, his books, papers, or documents, upon any matter relating to his property, either as provided in Articles 1421 through 1515 or as provided in Articles 2452 through 2456.
Dr. Bickham alleges that the court erred in denying his Motion to Dismiss Judgment Debtor Rule and allowing Mrs. Bickham to examine him as to his property, since Mrs. Bickham already had all the information she needed and the judgment debtor rule was filed solely to harass him.
At the hearing on Mrs. Bickham's Petition to Examine Judgment Debtor, the trial court asked Mrs. Bickham's attorney why they needed to examine Dr. Bickham as to his property if, as Dr. Bickham claims, all the information has already been supplied to them. Mrs. Bickham's attorney's response to the judge was that discovery responses had been inadequate and Dr. Bickham had changed jobs during the course of the litigation, so they still lacked information needed to collect on the judgment. Based upon this, the trial court
overruled Dr. Bickham's objection to the examination of the judgment debtor.
This court held in Dunn & Bradstreet, Inc. v. Harrison, 289 So.2d 316 (1973), that *714 the examination of judgment debtor statute must be liberally construed in favor of the creditor in order to foster its obvious purpose and intent. Since Dr. Bickham had changed jobs and the parties obviously had problems with communication, the court did not abuse its discretion in allowing the judgment debtor examination. This assignment of error is without merit.

CONCLUSION
For the above reasons, the December 6, 2001 judgments of the trial court are affirmed. Costs of this appeal are assessed to Mr. Bickham.
AFFIRMED.