GUIDRY, J.
| sIn this action seeking to make executo-ry arrearages of alimony pendente lite, plaintiff, Priscilla Sharp, appeals the trial court’s judgment dismissing her rule for arrearages on grounds of abandonment. For the reasons that follow, we reverse.
FACTS AND PROCEDURAL HISTORY
Priscilla Sharp and Ira Clifton Sharp were married on July 8,1960. On May 13, 1992, Mrs. Sharp filed a petition for divorce pursuant to La. C.C. art. 102, in which petition she prayed for alimony pen-dente lite. Following a hearing, the trial court signed a judgment on July 6, 1992, ordering defendant, Mr. Sharp, to pay $550.00 per month as alimony pendente lite effective June 1, 1992, and on the first of every month thereafter. On December 22, 1992, Mr. Sharp filed a rule to show cause why divorce should not be granted, and a hearing on the rule was set for February 10, 1993. However, there is no evidence in the record that any further *420 action was taken in relation to the petition for divorce.
On May 19, 2004, Mr. Sharp died, and his sister, Alma Sharp Kennedy, filed a petition for recordation and execution of a notarial testament and for confirmation as executrix of Mr. Sharp’s estate on May 24, 2004. Thereafter, on June 16, 2004, Mrs. Sharp filed several pleadings in regard to the succession proceeding and additionally filed a rule for arrearages, attorney’s fees, and costs in the divorce proceeding.[1] On June 23, 2004, Ms. Kennedy, as executrix of the succession of Mr. Sharp, filed a motion to dismiss Mrs. Sharp’s rule on grounds of abandonment. A hearing on Ms. Kennedy’s motion was set for August 10, 2004. Following an off-the-record conference in chambers on that date, the trial court took the abandonment issue under advisement and continued all other matters to another date. In a judgment signed February 24, 2005, the trial court dismissed |4Mrs. Sharp’s rule for arrearag-es on grounds of abandonment. Mrs. Sharp now appeals from this judgment.
DISCUSSION

Alimony Pendente Lite

Louisiana Civil Code article 111, “Alimony pendente lite,” states:
If the spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse. [Emphasis added.][2]
In Wascom v. Wascom, 96-0125, p. 4 (La.4/8/97), 691 So.2d 678, 680, the Louisiana Supreme Court reiterated that in examining the nature and purpose of former La. C.C. art. 148, predecessor to article 111, “[laterally, alimony pendente lite means alimony pending the litigation.” Additionally, the court noted that “[a]limo-ny pendente lite arises from the obligation of one spouse to support the other during the pendency of the marriage, as set out in [La.] C.C. art. [98].” Wascom, 96-0125 at p. 4, 691 So.2d at 680.[3] The court stated “though the specific application of the precepts contained in present La. C.C. art. 98 has, over time, been altered to reflect modern norms ... the fundamental nature and purpose of alimony pendente lite has remained the same in the Civil Law since the time of Planiol. It is, as described above, and always has been, based upon the duty of mutual support owed between married persons during the pendency of their marriage.” Wascom, 96-0125 at p. 4, 691 So.2d at 680-681 (citations omitted).
As with divorce, death terminates marriage. La. C.C. art. 101. As such, death also terminates the mutual obligation of support owed by persons married to one another. Wascom, 96-0125 at p. 4, 691 So.2d at 681; see also Whipple v. Whipple, 424 So.2d 263, 265 (La.App. 1st Cir.1982), writ denied, 426 So.2d 179 (La.1983). Accordingly, the right to ac *421 crue alimony pendente lite ceases upon the rendition of a final judgment of divorce, or upon the death of one of the spouses, because the divorce or death terminates the marriage, and along with it, the obligation of mutual support underlying the concept of alimony pendente lite. See Wascom, 96-0125 at p. 7, 691 So.2d at 683.

Abandonment

In the instant case, the trial court stated in its reasons for judgment that the judgment awarding alimony pendente lite, which judgment Mrs. Sharp seeks to enforce to make the arrearages executory, was abandoned under La. C.C.P. art. 561. However, the proper inquiry is not whether the judgment was abandoned, but rather, whether the divorce action was abandoned, as it is the pendency of the divorce action that supports the claim for accrued alimony pendente lite and determines the running of the prescriptive period for filing an action to make executory arrearages of spousal support. See La. C.C. arts. 111 and 3497.1; see also Wascom, 96-0125 at pp. 3-4, 691 So.2d at 681; Weldon v. Weldon, 98-1173, p. 5 (La.App. 3rd Cir.2/3/99), 737 So.2d 812, 815; and Shewbridge v. Shewbridge, 28,981, pp. 2-3 (La.App. 2nd Cir.12/11/96), 685 So.2d 418, 420, writ denied, 97-0129 (La.3/7/97), 690 So.2d 20.
On May 13, 1992, Mrs. Sharp filed a petition for divorce pursuant to La. C.C. art. 102. While La. C.C.P. art. 561, which provides that “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,” generally governs abandonment of actions, La. C.C.P. art. 3954 specifically provides “[a] divorce action instituted under Civil Code Article 102 is abandoned if the rule to show cause provided by that Article is not filed within two years of the service of the original petition or execution of written waiver of service of the original petition.” It is a well-settled canon of ^statutory construction that the more specific statute controls over the general statute. Carver, Inc. v. State, Dept. of Public Safety and Corrections, Office of State Police, Video Gaming Div., 95-1664, p. 4 (La.App. 1st Cir.4/4/96), 672 So.2d 1141, 1143, writ denied, 96-1528 (La.9/27/96), 679 So.2d 1349.
In the instant case, Mr. Sharp filed a rule to show cause on December 22, 1992, and a hearing was set for February 10, 1993, which is within the two years prescribed by article 3954. However, there is no evidence in the record of any further action being taken in furtherance of obtaining a judgment of divorce, article 3954 does not require, however, that a divorce be obtained within two years of the filing of the divorce petition, nor that any further action be taken following the filing of the rule to show cause. See Simons v. Simons, 96-832, pp. 4-5 (La.App. 5th Cir.4/9/97), 694 So.2d 999, 1000. Further, the law favors, and justice requires, that an action be maintained wherever possible; thus, abandonment provisions are to be interpreted liberally in favor of maintaining the action. Sibley v. Sibley, 97-1912, pp. 3-4 (La.App. 1st Cir.12/28/98), 724 So.2d 275, 277, writ denied, 99-0291 (La.3/26/99), 739 So.2d 792. As such, we cannot read stricter requirements into the article other than those provided by the legislature. Simons, 96-832 at p. 5, 694 So.2d at 1000.
Further, during the revision of the law of separation and divorce, effective January 1, 1991, the Persons Committee of the Louisiana Law Institute drafted, and the legislature enacted, article 3954, concluding that there should be a reasonable maximum period of time after the mandatory 180-day waiting period in which to file a motion for divorce, noting that it should not be prolonged indefinitely. Kenneth *422 Rigby and Katherine Shaw Spaht, Louisiana’s New Divorce Legislation: Background and Commentary, 54 La. L.Rev. 19, 82 (1993). The legislature provided that article 3954 is only applicable to a divorce action filed in accordance with La. C.C. art. 102; a divorce sought under La. C.C. art. 103 is subject to the general abandonment provision in La. C.C.P. art. 561. Id. at 83. Therefore, the legislature was aware of the general abandonment rule at the time article 3954 was enacted, and by making it applicable to article 102 divorces, manifested its intent that that provision control in those cases. If the legislature wanted the general abandonment rule to come into effect in situations such as the one presently before this court, or if it wanted to enact other provisions to resolve a situation where abandonment can occur following the timely filing of the rule to show cause, it could have provided for same, but it failed to do so. It is not our place to make the law, but rather to interpret and apply the law as written. Therefore, because the requirements of article 3954 have been complied with, we find that the divorce action in the instant case was not abandoned.

Prescription

Because we find the divorce action was not abandoned, Mrs. Sharp continued to accrue alimony pendente lite from the date of judgment in 1992 until May 19, 2004, the date of Mr. Sharp’s death. Once alimony pendente lite payments accrue, they become a vested property right. Shewbridge, 28,980 at p. 3, 685 So.2d at 420; Weldon, 98-1179 at p. 4, 737 So.2d at 814-815. However, an action to make executory arrearages of spousal support is subject to a liberative prescriptive period of five years. La. C.C. art. 3497.1; see also Day v. Day, 02-0431, p. 11 (La.App. 1st Cir.5/28/03), 858 So.2d 483, 491, writ denied, 03-1845 (La.11/7/03), 857 So.2d 492. Therefore, the right to enforce these payments is limited to five years from the date each payment was due. Day, 02-0431 at p. 11, 858 So.2d at 491. As such, Mrs. Sharp is only entitled to arrear-ages from June 16, 1999, five years prior to the date her rule for arrearages was filed, to May 19, 2004, the date of Mr. Sharp’s death, totaling $32,450.00, plus judicial interest. See Bickham v. Bickham, 02-1307, p. 5 (La.App. 1st Cir.5/9/03), 849 So.2d 707, 710-711 (finding that judicial interest on past due spousal support is provided for in La. C.C. art. 2000 and such interest shall be awarded from the date each payment is due.)

Attorney’s Fees and Costs

Louisiana Revised Statutes 9:375 provides that when a court renders a judgment making past-due spousal support ex-ecutory, it “shall, except for good cause shown, award attorney’s fees and costs to the prevailing party.” However, in the instant case, the trial court, in finding the judgment for alimony pendente lite to be abandoned, never reached the merits of Mrs. Sharp’s claim for arrearages, and the parties never had the opportunity to present evidence as to reasonable attorney’s fees, nor to demonstrate good cause for denying such an award. Cf. Bickham, 02-1307 at pp. 6-7, 849 So.2d at 711-712. Therefore, we remand this matter to the trial court for an evidentiary hearing on the issues of attorney’s fees and costs.
CONCLUSION
For the foregoing reasons, the judgment of the trial court, ordering Mrs. Sharp’s claim for alimony arrearages to be dismissed on the grounds- that the judgment for alimony pendente lite was abandoned is reversed. We award Mrs. Sharp a total of $32,450.00, plus judicial interest from the date each support payment was due, rep *423 resenting alimony pendente lite arrearages from June 16, 1999, through May 19, 2004, the date of Mr. Sharp’s death. Further, we remand this matter to the trial court for an evidentiary hearing to determine the issues of attorney’s fees and costs. All costs of this appeal are to be borne by the appellee, Alma Sharp Kennedy, Executrix of the Succession of Ira Clifton Sharp.[4]
REVERSED, RENDERED AND REMANDED.
PETTIGREW, J., concurs and assigns reasons.
KUHN, J., dissents and assigns reasons.
PARRO, J., dissents for the reasons assigned.
PETTIGREW, J.,
concurring.
|,I agree with the majority and would like to add the following observations. The rights the appellant is urging arise from a Judgment of alimony pendente lite rendered by the trial court on July 6, 1992. No appeal or supervisory writ was taken from said judgment. There is no action pending in alimony pendente lite. The issue has already been joined and decided by the trial court. In my humble opinion La.Code Civ. P. art. 561 has no application to the facts of this case. I agree with the majority that La. Civ.Code art. 3497.1 controls the facts of this case.

. In this consolidated record on appeal, additional pleadings were filed by the executrix regarding possession and by Mrs. Sharp regarding partition of community property; however, none of these pleadings are relevant to the instant case.

. Louisiana Civil Code articles regarding spousal support were subsequently revised, amended, and reenacted by Acts 1997, No. 1078, § 1, consisting of articles 111 through 117, effective January 1, 1998.

.The court in Wascom actually cited La. C.C. arts. 119 and 120, but noted that article 120 had been repealed and that current article 98, revised in 1987, reproduced almost verbatim the substance of former article 119. Wascom, 96-0125 at p. 4, 691 So.2d at 680.

. On appeal, Ms. Kennedy filed a motion and order to be recognized as the proper party defendant in this proceeding, which was granted on April 11, 2006.